Foster v. The State.

---

## FOSTER *vs.* THE STATE.

[INDICTMENT FOR RESISTING OFFICER, &C.]

1. *Evidence, what is a charge on effect of; when erroneous.*—A charge of the court, in a criminal case, that "if the jury believe the evidence, they are bound to find the defendant guilty," is a charge upon the effect of the evidence.   If the court gives such a charge without being required to do so by one of the parties, it is such an error as will cause a reversal of the judgment.

APPEAL from Circuit Court of Pickens.
Tried before the Hon. LUTHER R. SMITH.

· THE indictment in this case was framed under section 3580 of the Revised Code, for resisting officer in execution of process. The second count, under which the conviction was had, charged that "Joseph S. Foster did, knowingly and willfully, resist an officer in attempting to execute a legal process against Monroe Clark, charged with burglary," against the peace, &c.

Defendant having pleaded not guilty and gone to trial on that plea, the State introduced one R. G. Parker, who was permitted, against objection of defendant, to testify that he (witness) was elected justice of the peace in the year 1864 for Pickens county, and then duly qualified and commissioned and gave bond, and under such election and qualification has been acting as justice of the peace up to the present time. Parker further testified that he acted as justice of the peace from 1864 up to the present time, without any other election, or appointment, or authority, than that conferred by his election and qualification thereunder in 1864; that on the 5th of February, 1870, witness, as such justice of the peace, issued a warrant for Monroe Clark, charged with burglary; that after hearing the evidence on preliminary investigation, witness decided to bind over said Clark, and in default of bail issued a *mittimus* requiring the jailor to imprison said Clark, and turned over this *mittimus* and the prisoner to one C. McCartney, as deputy sheriff, to execute. The witness further testified, that at the time of handing the warrant to McCartney, witness ordered him verbally to arrest said Monroe Clark.

The sheriff testified, that " he had never appointed Mc-Cartney as a deputy sheriff in any way pointed out by law, and had not especially deputised him to execute process in this case, but had given him verbal authority to execute process as a deputy sheriff."

" The State then proved, that within twelve months before the finding of the indictment, and in Pickens county, the defendant resisted McCartney with a double barrel shot gun, and prevented McCartney from imprisoning said Clark under the *mittimus.*"

This being all the evidence, the court charged the jury,

that if they believed the evidence, they were bound to find defendant guilty under the second count of the indictment. To this charge defendant excepted.

TERRY & WILLET, and M. L. STANSEL, for appellant.—1. McCartney, the person resisted in the execution of the process, was not a deputy sheriff, for the reason that he had never been appointed or qualified as such.—Revised Code, § 155. And he was not an officer.—*Kavanaugh v. The State*, 41 Ala. 399. Hence, there can .be no conviction in any possible phase of this case, under either count of the indictment.

2. The charge given is not shown to have been requested by either of the parties, and is a charge upon the effect of the evidence, and erroneous.—*Edgar v. State*, 43 Ala. 313.

3. McCartney, under the evidence, was neither an officer *de jure* or *de facto*. The decision in *Heath's Case*, therefore, does not apply.

ATTORNEY-GENERAL, and J. A. BILLUPS, *contra*.—The official acts of an officer *de facto* are valid, so far as the rights of the public or of third parties are concerned, and can not be called in question in a proceeding to which he is not a party.—*Heath v. State*, 36 Ala. R. Foster was a stranger to this proceeding, and therefore will not be permitted to question the validity of the acts of McCartney as deputy sheriff, nor of Parker as justice. Neither the title of an officer, nor the validity of his acts as such, can be indirectly called in question in a proceeding in which he is not a party.

" This doctrine dates as far back as the Year Books, and it stands confirmed, without any qualification or exception, both in England and in the United States.—*Heath v. State*, 36 Ala., and authorities there cited.

PECK, C. J.—The judgment in this case must be reversed. The charge of the court was a clear invasion of the province of the jury. It was a charge upon the effect

of the testimony, and was given without being required by either of the parties.—Revised Code, § 2678.

The evidence, if believed, did not prove that McCartney was a deputy sheriff, or other legal officer.

The sheriff testified that he had never appointed him a deputy sheriff in any way pointed out by law. Had not specially deputed him as deputy sheriff, to execute the papers in this case, but had verbally authorized him to execute process as deputy sheriff. This did not make him a deputy sheriff.—Code, § 155.

The witness Parker, by whom the process was issued, testified he had verbally ordered the said McCartney to arrest the prisoner named in the writs set out in the bill of exceptions. This did not make him a deputy sheriff or a constable, nor authorize him to perform the duties of a constable.—Revised Code, § 852. There was no evidence of a vacancy in the office of constable, or that the constable of the precinct or beat was interested, or otherwise prevented from executing the process.

The evidence, if believed by the jury, was by no means sufficient to justify the charge of the court, "that if they believed the evidence, they were bound to find the defendant guilty, under the second count in the indictment."

Let the judgment be reversed, and the cause remanded for another trial.

[NOTE.—The opinion in this case was delivered at the June term, 1871.]