(75 South. 819)

### WINFORD v. STATE. (8 Div. 493.)

(Court of Appeals of Alabama. June 5, 1917.)

1. CRIMINAL LAW ⊙═══824(8)—INSTRUCTION ON EFFECT OF EVIDENCE—STATUTE.

Under Code 1907, § 5362, providing that the court may state to the jury the law of the case, and may also state the evidence, when the same is disputed, but shall not charge upon the effect of the testimony, unless required to do so by one of the parties, in a prosecution for murder, though there was no conflict in the testimony on the plea of not guilty, the court was not authorized to charge upon the effect of the evidence without having been requested to do so by one of the parties.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1999.]

2. CRIMINAL LAW ⊙═══828 — AFFIRMATIVE CHARGE—REQUEST IN WRITING.

The general affirmative charge for the state as to defendant's first plea of not guilty, not

having been requested in writing by the state, was reversible error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2007.]

3. CRIMINAL LAW ☞354 — INSANITY — EVIDENCE.

Great latitude is allowed in admitting evidence having any tendency to throw light on the mental condition of defendant, whose insanity is in issue, at the time in question.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 760.]

4. HOMICIDE ☞179—INSANITY—EVIDENCE.

In a prosecution for murder, defended on the ground of insanity, the court should permit evidence of the condition of defendant's family at the time of the killing, the fact that his wife had deserted him and left several small children, some of whom were sick, that the wife had gone off with deceased, with whom defendant had been told she had been too familiar, and testimony of a like nature, having a tendency to show defendant's mental condition.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 380.]

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Mack Winford was convicted of murder in the second degree, and he appeals. Reversed and remanded.

The defendant was indicted by the grand jury of Lauderdale county upon a charge of murder in the first degree. On the trial, he was ,convicted of murder in the second degree, and from the judgment of conviction he appeals.

Mitchell & Hughston, of Florence, for appellant. W. L. Martin, Atty. Gen., and P, W. Turner, Asst. Atty. Gen., for the State.

SAMFORD, J. [1] The court in its general charge, and without being requested in writing to do so, charged the jury as follows:

"Therefore, gentlemen of the jury, it would be your duty to find in favor of the state, under the plea of not guilty, if you believe the evidence beyond a reasonable doubt."

The defendant when called interposed: First, the general plea of not guilty; and, second, not guilty by reason of insanity. Although there might be no conflict in the testimony upon the plea of not guilty, the court was not authorized to charge upon the effect of the evidence without having been requested to do so by one of the parties. Code 1907, § 5362.

[2] The above charge was the general affirmative charge for the state as to the first plea and, not having been requested in writing by the state, is reversible error. Foster v. State, 47 Ala. 643; Collins .v. State, 138 Ala. 57, 34 South. 993; Gafford v. State, 125 Ala. 9, 28 South. 406.

As the judgment in this case must be reversed, it is not necessary to pass upon all of the objections and exceptions to testimony raised on the former trial; but, for the guidance of the lower court in another trial, the following rules should be followed in the admission of testimony:

[3] While the insanity of a person is in issue, great latitude is allowed in admitting evidence having any tendency to throw light upon the mental condition of the person at the time in question. 14 R. C. L. par. 67, p. 616. And again, it is said in 8 R. C. L. p. 189, that, when insanity is relied upon as a defense to crime, great latitude is allowed in admitting evidence having any tendency to throw light upon the mental condition of the defendant at the time of the commission of the crime; evidence of anything and everything which in some substantial way would have a tendency to show that his nervous organization was affected at the time of the commission of the act is admissible.

[4] This being the rule with reference to the admission of testimony, the court should permit evidence of the condition of defendant's family, the fact that his wife had deserted him and left several small children, some of whom were sick; that the defendant's wife had gone off with the deceased, with whom he had been told she had been too familiar, and testimony in line with the above; but the rule should also be kept in view that testimony, to be admissible, must at least tend to prove or disprove some of the issues involved. In view of the evidence tending to show the insanity of the defendant at the time of the fatal shooting, we think that evidence of the condition of his family, the desertion by his wife, and the association of his wife with her paramour, was admissible, as bearing on the question of sanity.

The other rulings of the court on the testimony were without error; but, for the errors above pointed out, the judgment of the lower court is reversed, and the cause is remanded.

Reversed and remanded.