(94 South. 245)

## CLEMMONS v. STATE. (8 Div. 969.)

(Court of Appeals of Alabama. June 20, 1922. Rehearing Denied Oct. 24, 1922.)

1. Homicide ⬥300(12)—Instructions that a person may kill another in self-defense without stating elements of defense held properly refused.

In prosecution for homicide, instructions that a person has a right to kill another in self-defense, without stating the elements of self-defense, held properly refused.

2. Criminal law ⬥829(5)—Refusal of charges covered by charges given not error.

A refusal of instructions on self-defense fully and correctly covered by other charges, given at the defendant's request and the oral charge of the court, held not error.

3. Homicide ⬥300(4)—Instructions on self-defense held properly refused as argumentative.

In homicide prosecution, refusal of instruction that "the defendant had a right to live and protect his life, even to the taking of human life, and if you believe from the evidence that the defendant was at the time of the killing

free from fault in bringing on the difficulty, and that his life was in danger, and that there was no reasonable way of escape open to him that would not increase his danger, and that he shot D. [deceased] to save his own life, you must find him not guilty," held properly refused, being argumentative.

4. Criminal law ⬥753(2)—Refusal of general charge not error where there was ample evidence to sustain verdict of guilty.

Where there was ample evidence to sustain verdict of guilty, refusal of general charge held not error.

5. Criminal law ⬥763, 764(7)—Instruction that the evidence, if believed, showed that defendant owned gun used in killing, held properly refused as invasive of province of jury.

In homicide prosecution involving issue as to ownership of gun used by the defendant, instruction that, "if you believe the evidence, the shotgun that C. [defendant] had at the time he killed J. [deceased] was the property of" defendant, held properly refused, since ownership of gun was a question for the jury.

6. Homicide ⬥157(5)—Evidence of difficulty between defendant and third party held properly excluded.

In homicide prosecution, evidence as to a difficulty between defendant and a third party held properly excluded.

7. Criminal law ⬥1170(2)—Exclusion of testimony held harmless in view of admission of other testimony as to same fact.

Exclusion of testimony held harmless in view of admission of other more explicit testimony as to same fact.

8. Criminal law ⬥338(3)—Evidence that defendant had been wounded by third party not admissible in absence of evidence connecting deceased with defendant's encounter with third party.

In homicide prosecution testimony that defendant was wounded by a third party during the afternoon during which the killing took place, and that shortly before the killing the defendant had started to go after a warrant for such third party, held not admissible in the absence of evidence tending to connect deceased with defendant's encounter with third party.

Appeal from Circuit Court, Lauderdale County; Charles P. Almon, Judge.

Mack Clemmons was indicted on a charge of murder in the first degree. On his trial he was convicted of manslaughter in the first degree, and he appeals. Affirmed.

The defendant killed Dalton Johnson on June 23, 1921. From the evidence for the state it appears that on the afternoon of the tragedy the defendant passed by the house in which the deceased lived with one Henry Hill, going in a direction from his (defendant's) home; that shortly afterwards he again passed in front of the house of deceased, returning to his home; that defend-

ant had a shotgun in his hand, and deceased, saying that it was his gun, asked the defendant to give it to him. The defendant replied telling the deceased to come for it in the morning. The deceased told that it was his gun, and that he wanted it then. Defendant declining to give up the gun, deceased followed him down the road repeating his request; and, when the parties had proceeded a short distance down the road, defendant turned and fired the shot killing the deceased. Evidence for the state went to show that the deceased was unarmed, and that there was no quarrel. That for the defendant was to the effect that the deceased had a pistol in his hand which he drew on defendant and threatened to kill him if he did not give up the gun.

During the trial defendant sought to elicit testimony showing that on the afternoon in question, shortly before the fatal difficulty, defendant and said Henry Hill had had an encounter in which Hill had broken the gun of the deceased over the head of defendant; that defendant had taken the pieces of the gun away from Hill and carried them to his home; and that the gun with which the deceased was killed was not the gun of deceased, but belonged to defendant. Defendant also sought to show that when he first passed the house of deceased he was going to procure a warrant for the arrest of Hill, who had wounded him.

The following charges requested by the defendant were refused by the trial court:

"(4) It is not every killing of a human being that constitutes a crime in law. If a man kills another while acting in self-defense (meaning self-defense as defined to you in the charge of the court), he is not guilty of any crime."

"(6) I charge you, gentlemen of the jury, that a man has the right to act upon the reasonable appearance of things, and if you believe from the evidence that defendant at the time he shot Dalton Johnson was so impressed, and that he shot to protect his own life, then you must find him not guilty."

"(9) Gentlemen of the jury, the defendant had a right to live and protect his life even to the taking of human life, and if you believe from the evidence that the defendant was at the time of the killing free from fault in bringing on the difficulty, and that his life was in danger, and there was no reasonable way of escape open to him that would not increase his danger, and that he shot Dalton Johnson to save his own life, you must find him not guilty."

"BB. If you believe the evidence, the shotgun that Mack Clemmons had at the time he killed Dalton Johnson was the property of Mack Clemmons."

A. H. Carmichael, of Tuscumbia, and Mitchell & Hughston, of Florence, for appellant.

The court erred in refusing to permit evidence that defendant was wounded on the afternoon in question and was going to 'Squire Liles to get a warrant. 4 Ala. App. 32, 58 South. 996; 4 Ala. App. 7, 58 South. 675.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1, 2] Charges 4 and 6, refused to defendant, omit the elements of self-defense, and for that reason, if no other, were properly refused. Moreover, the principles of law attempted to be stated in the charges were fully and correctly covered by written charges given at the request of defendant and by the court in its oral charge.

[3] Charge 9 was an argument.

[4] Charge 11 was the general charge, and, as there was ample evidence to sustain the verdict, the charge was properly refused,

[5] Charge BB, was invasive of the province of the jury. It was a question for the jury to say, from all the evidence, whose gun it was that defendant used in committing the homicide.

[6] The rulings of the court on the admission of evidence as to what took place between the defendant and a third party, at a different time and place, were manifestly free from error, and testimony as to a difficulty between defendant and a third party was also properly excluded.

It is insisted in brief of counsel that the court "continuously throughout the record consistently refused to allow defendant to prove that the gun which he was refusing to surrender to Dalton Johnson was his own shotgun, and not that of Dalton Johnson," and they add by way of comment, "This was horribly and palpably erroneous."

The record does not bear out this statement. The state did not undertake to prove that the shotgun then in the possession of defendant was the property of Dalton Johnson, Clara Hill, a state's witness, saying, "I don't know whose gun it was." Turner Hill, another state's witness, said, "I don't know whether it was a single or double barrel gun." Henry Hill, another state's witness, said: "I reckon he had Dalton's gun; I don't know whether he did or not; he had had it." This being all the testimony for the state on that question, defendant was permitted to testify, without objection, "when I left home after the trouble, I carried my gun," and again, "The gun I took with me when I went to Squire Lyles was my own gun." So, if the evidence is important, the defendant had full benefit of it without dispute, and all of those questions asked with reference to another gun, were clearly. for the purpose of getting into the evidence the details of another difficulty between Henry Hill and defendant at another time and place,. and the rulings of the trial court in this regard were free from error.

[7] During the redirect examination of the defendant's wife, testifying for defendant,.

in answer to a question, she replied, "He [defendant] had started to Squire Lyles." This answer was excluded on motion of the solicitor, but this action of the court. could not constitute prejudicial error for the reason that the same witness had testified without objection that "he [defendant] was going over to Mr. Lyles and from Mr. Lyles back home." Therefore, if the testimony was material, the defendant already had the benefit of a statement more explicit than the answer excluded.

The defendant offered to prove by the defendant while he was being examined as a witness that he had been wounded that afternoon and had started to Squire Lyles to get a warrant.

[8] In the absence of any testimony tending to connect the dead man with the defendant's wound, or any evidence tending to show that defendant connected him with it, or any evidence tending to prove a conspiracy or flight on the part of the defendant, or any evidence tending to show that the presence of defendant along the road was with the purpose or intention of provoking a difficulty with the dead man, the testimony offered was illegal and irrelevant. The cases of. Pearce v. State, 4 Ala. App. 32, 58 South. 996, Bailey v. State, 4 Ala. App. 7, 58 South. 675, and other cases of similar import are not in point, all of the cases in line with the cases cited being cases· where the place at which the defendant was tended to prove the guilt of the defendant.

A reading of the record discloses that the case was ably and carefully tried, and on the trial the defendant was given every right to which he was entitled under the law, resulting in a verdict in which "mercy tempers justice." We find no error in the record. Let the judgment be affirmed.

Affirmed.