### HEMBREE v. STATE. (6 Div. 960.)

(Court of Appeals of Alabama. Aug. 31, 1926. Rehearing Denied Oct. 26, 1926.)

**1. Homicide ⬤=268.**

In prosecution for murder, where state's evidence tended to prove homicide, and that it was done with malice, refusal of general charge for defendant was proper.

**2. Criminal law ⬤=465—Excluding statements for absent witness, which were mere conclusions, held not error.**

Statements for absent witness, that witness noticed accused did many peculiar things, and in witness' judgment his mind was unsound on afternoon of offense, and that he did not know or realize what he was doing, were mere conclusions, and exclusion thereof was not error.

**3. Criminal law ⬤=465.**

While issue of insanity is not confined to expert or inexpert testimony, opinion must be based on observation and surrounding facts and circumstances.

**4. Homicide ⬤=163(2).**

In prosecution for murder, statement for absent witness that she knew deceased's character for raising rows, and fighting, without previous statement that she knew deceased's general character for peace and quiet, was properly excluded.

**5. Homicide ⬤=169(1).**

In prosecution for murder, exclusion from statement for absent witness of detail of transaction prior to difficulty was proper.

**6. Homicide ⬤=169(6), 338(2)—Permitting solicitor to inquire into specific transactions between deceased and witness for defendant during several preceding years was error, but not prejudicial.**

In prosecution for murder, where defendant's witness testified to general bad character of deceased for peace and quiet, and that state of feelings between deceased and witness was bad, permitting solicitor to inquire as to certain specific transactions between deceased and witness during several preceding years was error, but not prejudicial.

**7. Homicide ⬤=188(1).**

Evidence that deceased was dangerous, blood-thirsty man is limited in consideration to determine solely meaning of overt act or demonstration of deceased at time of killing.

**8. Criminal law ⬤=1168(2).**

Where fact that deceased was dangerous and blood thirsty was admitted, exclusion of showing for absent witness, going merely to cumulation of such evidence, was not injurious to defendant.

**9. Criminal law ⬤=778(5)—Charge that burden of proof was not changed by defendant's plea of insanity, and, if there was reasonable doubt of guilt, he should be acquitted held properly refused as misleading (Code 1923, § 4572).**

Under Code 1923, § 4572, defendant in murder case must clearly prove plea of insanity, and instruction that such plea would not change burden of proof, and if, because of evidence relating to insanity, considered together with other evidence, jury entertained reasonable doubt, to acquit, although insanity was not fully proven, was properly refused as misleading.

**10. Criminal law ⬤=561(1).**

Under plea of not guilty, state has burden to prove defendant's guilt beyond reasonable doubt.

**11. Criminal law ⬤=354.**

Under plea of not guilty by reason of insanity, defendant may introduce much evidence not applicable or relevant to general plea of not guilty.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Grady Hembree was convicted of second degree murder, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Hembree v. State, 110 So. 172.

Charge 11, refused to defendant, is as follows:

"The defendant interposes the plea of not guilty by reason of insanity in this case, and the burden of proof is not changed when he undertakes to prove it, and if, by reason of the evidence in relation to such plea of not guilty, by reason of insanity, when taken and considered by the jury, together with all other evidence in the case, the jury entertain a reasonable doubt of the defendant's guilt, he should be acquitted, although the jury may not be able to find that the plea of insanity has been fully proven."

J. T. Johnson, of Oneonta, for appellant.

The conduct of both deceased and defendant on the day of the homicide, which led up and gave color to same, should have been admitted in evidence. Saulsberry v. State, 178 Ala. 16, 59 So. 476; Blevins v. State, 204

Ala. 476, 85 So. 817; Caldwell v. State, 203 Ala. 412, 84 So. 272. A nonexpert may give his opinion as to the insanity of defendant. James v. State, 193 Ala. 55, 69 So. 569, Ann. Cas. 1918B, 119; Ford v. State, 71 Ala. 385. After witness Hinds had admitted that his feelings for deceased were bad, the solicitor should not have been permitted to inquire about a personal difficulty between them. Carpenter v. State, 98 Ala. 31, 13 So. 534; Moore v. State, 68 Ala. 360. Evidence of the turbulent character of deceased was relevant, and should have been admitted. Rhea v. State, 100 Ala. 119, 14 So. 853; Green v. State, 143 Ala. 2, 39 So. 362. Charge 11 asserts a correct proposition of law. Vaughan v. State, 201 Ala. 472, 78 So. 378; Griffin v. State, 150 Ala. 49, 43 So. 197.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Defendant was not due the affirmative charge. Spelce v. State, 20 Ala. App. 412, 103 So. 694. There is no error in refusing charges already covered. McKenzie v. State, 19 Ala. App. 319, 97 So. 155. Charge 11 does not correctly state the law. Code 1923, § 4572; Cutliff v. State, 17 Ala. App. 586, 87 So. 706. Exclusion of parts of the showing was harmless error. Clemmons v. State, 18 Ala. App. 650, 94 So. 245; Dukes v. State, 210 Ala. 442, 98 So. 368. The cross-examination of witness Hinds as to his bias was relevant. Cabel v. State, 18 Ala. App. 557, 93 So. 260; Gilchrist v. State, 19 Ala. App. 16, 95 So. 197.

SAMFORD, J. [1] The evidence for the state tended to prove the homicide charged, and that it was done with malice. That being the case, the general charge as requested by defendant was properly refused. Spelce v. State, 20 Ala. App. 412, 103 So. 694.

[2, 3] It is insisted that the court committed error in excluding from the showing for the absent defendant's witness, Mrs. Ed Glass, certain designated statements. Even if some of these rulings should have been technically erroneous, the character of the testimony excluded was such as to render its exclusion harmless error. However, we find no error in the court's rulings. The statement that witness "noticed that he did many peculiar things" was a mere conclusion, and the statement, "In my judgment his mind was unsound on the afternoon of the alleged crime, and he did not know nor realize what he was doing," was subject to the same objection. True, the issue of insanity is not confined to expert testimony. But as to both expert and nonexpert testimony the opinion as to sanity and to insanity must be based on observation and the surrounding facts and circumstances. The showing here does not disclose a proper predicate. Hutson v. Cont. Casualty Co. (Miss.) 107 So. 520;

Harris v. State, 8 Ala. App. 33, 62 So. 477; Braham v. State, 143 Ala. 28, 38 So. 919.

[4] The statement in the showing of the witness Glass that "she knew his (deceased's) character for raising rows, fighting," etc., was properly excluded. She must first have testified that she knew the general character of deceased in the neighborhood in which he lived for peace and quiet as a predicate for the testimony as to his general character for peace and quiet. Elam v. State, 25 Ala. 53.

[5] The other statements excluded from the statement of the witness Glass were the details of a transaction prior to the difficulty, and as such were properly excluded.

[6] Upon the examination of Oss Hinds, a witness for defendant, who testified to the general bad character of deceased for peace and quiet, the solicitor asked as to the state of feelings existing between him and the dead man, and witness, after some hesitancy, said it was bad. The solicitor was then permitted, over objection and exception of defendant, to inquire into certain specific transactions between deceased and witness during several preceding years. This was error, but these errors could not have injuriously affected defendant's case as they related in no way to the issues involved on the trial. The showing as to the testimony of Ed Glass was res inter alios acta and was properly excluded.

[7, 8] The general character of deceased for being a dangerous, blood-thirsty man was proven by several witnesses for defendant, and this fact was not controverted. This evidence is limited in its consideration by the jury to determine solely the meaning of the overt act or demonstration of deceased at the time of the fatal difficulty. Green v. State, 143 Ala. 2, 39 So. 362. The fact not having been controverted, and the evidence excluded being mere cumulation, we are bound to hold that the error did not probably injuriously affect the substantial rights of defendant. Clemmons v. State, 18 Ala. App. 650, 94 So. 245.

Refused charges 3 and 8 were substantially covered by the court in its oral charge and by written charges given at the request of defendant. McKenzie v. State, 19 Ala. App. 319, 97 So. 155.

[9-11] Refused charge 11 is misleading. Under the plea of not guilty, the state carries the burden of proving the defendant's guilt beyond a reasonable doubt by evidence relevant to the issue. Under the plea of "not guilty by reason of insanity," the defendant is permitted to introduce much evidence not applicable to or relevant to the issue of the general plea of not guilty. As to the plea of insanity, the defendant must clearly prove the plea to the reasonable satisfaction of the jury. Code 1923, § 4572; Cutliff v. State, 17 Ala. App. 586, 87 So. 706.

The foregoing disposes of each exception

insisted upon in brief of counsel for defendant. In addition we have carefully read this record.

The defendant has had two trials before a jury of his countrymen. Both juries have said by their verdicts that the defendant is guilty of murder. The facts were substantially the same in both trials. On former appeal the judgment was reversed, because this court was of the opinion that undue prominence was given to the interest of defendant as affecting his testimony. Here there is no such error. The defendant has now had a fair trial free from prejudicial error, and the judgment is affirmed.

Affirmed.