(119 So. 863)

ROBERSON v. STATE.   (6 Div. 459.)

Court of Appeals of Alabama.   Jan. 22, 1929.

Mathews & Mathews, of Bessemer, for appellant.

(122 So. 804)

**WINDHAM et al. v. STATE.** (4 Div. 376.)

Court of Appeals of Alabama. Nov. 20, 1928.

Rehearing Denied Jan. 22, 1929.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. The defendant engaged in a difficulty with deceased in the house of one Shoat Foster, in which difficulty defendant shot deceased with a pistol, from which he died. The plea was not guilty and not guilty by reason of insanity.

■ Over the objection and exception of defendant, the state was allowed to prove that the defendant went to the house of one Clara Adams, and that while he was there deceased walked by,. and that defendant said: "There goes the nigger." This was an hour before the fatal shooting, was no part of the res gestæ, and was inadmissible.

■ Over the objections and exceptions of defendant, the state was allowed to prove by Nevada Roberson, who was the wife of defendant, that at the time of the fatal difficulty, she and defendant were not living together as man and wife; that she left him; he told her to go; that they separated because defendant gave another woman a check. It was permissible to prove that defendant and the witness were not living together as man and wife, but as to why they were not was illegal and inadmissible. The details of the separation of these parties could only inject irrelevant issues into the case to the prejudice of defendant.

■ The fact that Nevada was shot in the mêlée and as a part of the fight was relevant as being part of the res gestæ.

■ Upon the plea of not guilty by reason of insanity, it was relevant for the defendant to prove illicit relations between deceased and defendant's wife coming to his knowledge, how long these relations had continued, and that defendant remonstrated with deceased regarding such relations. Winford v. State, 16 Ala. App. 143, 75 So. 819; Ragland v. State, 125 Ala. 12, 27 So. 983.

■ Such refused charges as state correct propositions of law were fully covered in the general charge of the court, but for the errors pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.