292 So.2d 147

**Thomas Shelby PARDUE**

v.

**STATE.**

**1 Div. 373.**

Court of Criminal Appeals of Alabama.

March 19, 1974.

Matranga, Hess, Sullivan & Stout, Mobile, for appellant.

**340**

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

On application for rehearing the original opinion is withdrawn and the following becomes the opinion of the Court:

The appellant was tried for murder in the first degree, convicted of murder in the second degree and sentenced to imprisonment in the penitentiary for thirty years.

At the conclusion of the evidence offered by the State, the appellant made a motion to exclude which was overruled by the court.

The substance of the testimony offered by the State was as follows:

On the night of April 24, 1972, the appellant appeared at the mobile home occupied at that time by his wife, Sarah Virginia Pardue, and their children, Sharon Kaye Pardue, Michael René Pardue and a younger sister and brother. The appellant and his brother-in-law Jimmy Brown, had been fishing most of the day and appellant had been drinking vodka and was under the influence of the liquor to some extent. It appears that he had left the mobile home of the parties the day before after some disagreement over the conduct of the son, Michael René Pardue, who had recently been in jail on two occasions and had been released on bond through the efforts of the wife. The appellant appears to have entered the mobile home and seated himself in a large chair and engaged deceased in conversation. During this time she was facing him while seated on a footstool in front of and slightly lower than the chair. The State's witnesses detected no indication of trouble between the parties from their conversation or actions and during the interim Sharon left the vicinity for a few moments and Michael also left and was engaged in showing his uncle, Jimmy Brown, an automobile he had recently purchased

and was working on. The other two children, one 5 years old and the other apparently of a tender age, remained inside the home with one of them asleep on the couch. Michael, Sharon, and Jimmy Brown heard at least one gunshot and possibly two at which time Michael and Jimmy Brown rushed into the home and found Virginia Pardue lying on the floor apparently suffering from a gunshot wound. Appellant was still sitting in the large chair and a .44 caliber magnum revolver was lying on the floor which was identified as the property of the appellant. It further appears Michael began striking his father in and about the face and ran to the kitchen where he procured a knife, which was taken away from him by Jimmy Brown, his uncle. The police were notified by Sharon by telephone at a nearby motel, an ambulance was called and the victim was taken to a hospital. Although alive when she was first seen by the witnesses for the State, she died soon afterwards and medical experts testified that her death was the result of a gunshot wound inflicted by a bullet from a .44 caliber revolver. A bullet was discovered by the officers embedded in some books and identified as having been fired from this pistol.

The State also introduced a statement without objection, after proper showing that the appellant had been advised of his Miranda rights, that the same had been waived, and further that the statement was voluntarily made without inducements, threats or other influence of an illegal nature being exerted upon him. In the statement the appellant admitted going to the mobile home on the occasion complained of, to talk to his wife with regard to their son, Michael, and with regard to appellant making a living for the family. He further claimed she needed some money and that he reached into his waistband and pulled out his .44 caliber pistol and told her that she might as well take it and sell it, and as he attempted to hand it to her or to lay it in her lap that she slapped or grabbed at it and it fired and afterward fell to the floor; that his wife was shot and that he called the operator from a telephone and asked her to call an ambulance, the police and a doctor. In the statement he further testified that he had talked to J. B. Duncan on the night of April 22, 1972, with regard to the disposition of some money his wife had drawn out of the bank, who advised him that he did not know about it; that he did not make the statement to Mr. Duncan that "it didn't make any difference because he was going to shoot her anyway."

J. B. Duncan testified that he did have a telephone conversation with appellant on the night of April 22, 1972, and that during the said conversation the appellant said he was going to kill his wife.

In the appellant's testimony he admitted that on the occasion complained of he had been drinking vodka on a fishing trip and that he went to the mobile home where his wife and children were present, as testified to by State witnesses, and that he attempted to talk to her in regard to the family situation. He stated that he intended to give her some money; that he handed the gun to his wife to hold while he reached for his wallet, it being difficult to get the wallet from his pocket without removing the gun from his belt, and that he attempted to hand it to her so that the barrel pointed to one side but somehow the gun discharged at that time. He did not remember whether the gun was cocked or not when he handed it to his wife. He further testified that he did not make the statement to State witness, J. B. Duncan, that he was going to kill his wife.

█ Murder in the second degree is the unlawful killing of another human being with malice but without deliberation. Harris v. State, 48 Ala.App. 723, 267 So.2d 512.

█ Malice may be presumed in a killing by the use of a deadly weapon, unless the circumstances of the killing disprove or rebut the presumption. Young v. State, 47 Ala.App. 674, 260 So.2d 406.

In order to authorize the submission of a criminal case to a jury, there must be substantial evidence tending to show all elements of the nature of the crime, and it is a fundamental principle that a defendant's guilt in a criminal case may be established by circumstances as well as by direct evidence. Hudson v. State, 48 Ala.App. 703, 267 So.2d 494.

Tested by the authorities above set out, we think the case was properly submitted by the court to the jury and the motion to exclude the evidence was properly overruled.

We have carefully reviewed the written charges refused along with those given and with the oral charge and consider there was no error.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The application for rehearing is granted and the judgment of the circuit court is

Affirmed.

All the Judges concur.