James Sidney Terry, Jr. was charged with the murder of one Susan Diane Terry, by shooting her with a pistol, in violation of § 13A-6-2, Code of Alabama 1975.
The appellant pled not guilty and not guilty by reason of insanity. The jury found the appellant "guilty of murder" and following a sentencing hearing, the trial court fixed punishment at life imprisonment.
There is no challenge in this appeal as to the sufficiency of the evidence from which the appellant was convicted.
On September 16, 1982, at approximately 7:00 p.m., neighbors of the victim observed the appellant drive up to the victim's house. He entered the home through the garage and was observed carrying a pistol. A short time after his arrival, the neighbors stated that they heard three gunshots and observed the appellant leave the home carrying his young son with him. The appellant then drove away. The police were summoned and upon arrival they found Diane Terry's body in the kitchen of the home.
The appellant drove to the home of his parents, left the child with his mother, and he and his father went to the police station. The appellant admitted the shooting and told police that he threw the gun down in the garage of Diane Terry's home.
During the trial of the case, the appellant introduced evidence of a long history of mental illness, dating back to 1971. The State submitted this evidence with a deposition from Dr. Alexander Salillas, a psychiatrist on the staff of the Taylor Hardin Secure Medical Facility. Dr. Salillas stated that the appellant was competent to stand trial and cooperate with his attorney, and that he could find nothing to support that the appellant would have been inculpable and not responsible at the time of the shooting.
 I
The appellant contends on this appeal that the trial court erroneously limited the examination of witnesses in three specific instances during trial, thus depriving him of effectively asserting his insanity defense.
 (A)
The appellant first argues that his cross-examination of the State's forensic pathologist, Dr. Josephino C. Aguilar, was improperly limited. It should be noted initially that the range and extent of the cross-examination of a witness is a matter within the sound discretion of the trial court, and if the trial court determines that a question is not on a material issue in the case or is irrelevant, this court should not reverse that determination, unless the *Page 1324 
record reveals a clear abuse of discretion by the trial court.Coburn v. State, 424 So.2d 665 (Ala.Cr.App. 1982); Maund v.State, 361 So.2d 1144 (Ala.Cr.App. 1978); Turner v. State,48 Ala. App. 754, 265 So.2d 885 (1972). A review of the record in this cause reveals that the trial court did not abuse its discretion in sustaining the State's objection to the question posed and therefore this determination will not be overturned.
 (B)
The appellant's next contention is that the trial court improperly limited the testimony of James S. Terry, Sr., and Lee Terry, parents of the appellant, regarding high school awards of the appellant. The general rule propounded in such a situation as this is that one cannot show the character of the accused by prior specific acts of a good nature. Gamble,McElroy's Alabama Evidence, § 26.01 (1), 1975. Generally, great latitude is allowed in admitting evidence having a tendency to throw light on the mental condition of a defendant whose insanity is in issue. Winford v. State, 16 Ala. App. 143,75 So. 819 (1917); Hembree v. State, 21 Ala. App. 577, 110 So. 171, cert. denied, 215 Ala. 246, 110 So. 172 (1926). However, in the instant case, the limitation placed on this appellant's examination of witnesses in no way deprived him of asserting his insanity defense. In fact, the record reflects that ample testimony was elicited concerning this man's sanity. Our examination of the record reveals no abuse of discretion by the trial court in this case on this matter.
 II
The appellant finally argues that the trial court committed reversible error in its oral charge to the jury. The short answer to this contention is that no exceptions were reserved to the oral charge. When the trial judge asked if there was anything further, after his giving the oral charge to the jury, the appellant's counsel announced, "No, sir, Your Honor". (R. 208). In this state of the record nothing is presented for review. In the absence of an exception to the oral charge, the claimed error cannot be raised for the first time on appeal. Not only must the exception be reserved to the oral charge to invite a review, but it must be done before the jury retires to deliberate on the verdict. Cox v. State, 280 Ala. 318,193 So.2d 759 (1967); Showers v. State, 407 So.2d 169 (Ala. 1981);Johnson v. State, 421 So.2d 1306, 1307 (Ala.Cr.App. 1982);Williams v. State, 390 So.2d 310 (Ala.Cr.App. 1980).
Our examination of the record in this cause reveals no error.
The judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.