JAMES H. FAULKNER, Retired Justice.
Gregory Wayne Hollis was indicted for the offense of rape in the first degree, in violation of § 13A-6-61(a)(l), Code of Alabama 1975. The jury found Hollis guilty of the lesser included offense of sexual abuse in the first degree, and Hollis was sentenced to five years in the state penitentiary and was ordered to pay restitution in the amount of $138.85 to the victim. The court further ordered that Hollis’s five-year sentence run concurrently with another sentence imposed upon Hollis in a prior case in Baldwin Circuit Court. Three issues are raised on appeal.
I
Hollis contends that the indictment handed down against him was defective because the indictment, which only charged him with the offense of rape in the first degree, was never amended to include the offense of sexual abuse in the first degree. As a corollary contention, Hollis argues that the offense of sexual abuse in the first degree is not a lesser included offense of first degree rape, and that the trial court therefore erred in charging the jury on sexual abuse in the first degree absent an amended indictment including such a count.
The record indicates that at no time during the proceedings below did Hollis move to quash the indictment on the ground of its alleged defectiveness. The record further reflects that Hollis made no exception to the court’s oral charge and that Hollis announced that he was satisfied with this charge, which included the charge of sexual abuse in the first degree. It is axiomatic that matters not objected to are not preserved for review and that an adverse ruling is required in order to preserve error for appellate review. Maul v. State, 531 So.2d 35 (Ala.Cr.App.1987).
Moreover, in Terry v. State, 447 So.2d 1322 (Ala.Cr.App.1984), this court stated that when one did not object to the court’s oral charge and did not make written requested charges or request the court give further charges, he cannot complain for the first time on appeal that there is error in the record.
Even assuming that the issue has been properly presented for appellate review, it is apparent that under the evidence presented by the State Hollis could have been found guilty of either first degree rape, which under § 13A-6-62(a)(l) is defined as “sexual intercourse with a female by forcible compulsion” or sexual abuse in the first degree, which under § 13A-6-66(a)(1) is defined as subjecting “another person to sexual contact by forcible compulsion.” The victim testified that Hollis forcibly placed his mouth on her private parts, that Hollis touched her private parts, and that Hollis twice forced her to have sexual intercourse with him.
Section 13A-l-9(a)(l), Code of Alabama 1975, defines a lesser included offense as an offense “established by proof of the same or fewer than all the facts required to establish the commission of the offense charged.” Because the charge of sexual abuse in the first degree involves subjecting another person to sexual contact by forcible compulsion, under the facts of this case, it is a lesser included offense of first degree rape, which requires sexual intercourse by forcible compulsion. Hence, the trial court did not err in charging the jury on the lesser included offense of sexual abuse in the first degree, and the indictment was not defective because it did not contain a count charging this lesser included offense.
II
Hollis contends that the trial court erred in denying his motion for judgment of acquittal based upon the conflicting testimony of whether there was sexual intercourse by forcible compulsion.
In cases challenging the sufficiency of the evidence, this court is required to consider the evidence in the light most favorable to the prosecution a,nd will not substitute its judgment for that of the trier of fact. Brandon v. State, 542 So.2d 1316 (Ala.Cr.App.1989). Conflicting evidence, *79 moreover, always presents a jury question, and a verdict rendered therein will not be disturbed on appeal. Ogle v. State, 548 So.2d 499 (Ala.Cr.App.1989).
The victim testified that Hollis came to her place and offered her money if she allowed him to stay the night. According to the victim, Hollis pushed the screen door, came inside, grabbed the victim, and pushed her to the floor. The victim further testified that Hollis was on top of her trying to get his pants down and that she tried to get away from him but that Hollis kept pulling her back to him by her ankles.
The victim further testified that she tried to kick Hollis, and that he placed his mouth on her private parts and then put her legs down and put his penis into her vagina. According to the victim, she attempted to get away from Hollis but he raped her a second time in the bedroom.
Although Hollis testified that his sexual intercourse with the victim was consensual, the testimony of the victim was sufficient to establish a prima facie case of either rape or sexual abuse, and any conflict in the testimony was for the jury to resolve. See Jones v. State, 580 So.2d 97 (Ala.Cr.App.1991).
Hence, the trial court properly denied Hollis’s motion for judgment of acquittal on this ground.
Ill
Hollis contends that the trial court erred in denying his motion for new trial on the ground that the trial court failed to charge the jury on the lesser included offense of sexual misconduct as codified at § 13A-6-65, Code of Alabama 1975.
During the court’s oral charge, the court charged the jury on the offense of first degree rape and on the lesser included offenses of sexual abuse in the first degree and assault in the third degree. At no time prior to, during, or after the court’s charge but before the jury began deliberations did Hollis request that the court instruct the jury on sexual misconduct. In actuality, Hollis announced that he was satisfied with the court’s oral charge. Hollis, moreover, failed to submit a written requested charge on sexual misconduct. Hollis first objected to the court’s oral charge in his motion for new trial, but this objection was untimely: “Not only must the exception be reserved to the oral charge to invite a review, but it must be done before the jury retires to deliberate on the verdict.” Terry v. State, 447 So.2d 1322, 1324 (Ala.Cr.App.1984) (emphasis added).
The trial court therefore properly denied Hollis’s motion for new trial on this ground.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.