JAMES H. FAULKNER, Retired Justice.
Eddie Roy was indicted for the offense of theft of property in the first degree, in violation of § 13A-8-3, Code of Alabama *208 1975. Roy appeared in court with counsel of record on November 9, 1990, and pleaded guilty to the offense charged in the indictment. Roy was then sentenced as a habitual offender to life imprisonment. Af-terwards, Roy moved to withdraw his guilty plea. The trial court granted the motion and set the case for trial.
On February 28, 1991, Roy was tried by a jury and was found guilty of theft of property in the first degree. On March 14, 1991, Roy was sentenced as a habitual offender to life imprisonment and was ordered to pay court costs, attorney fees, restitution, and $50 as the victim’s compensation assessment. Three issues are raised on appeal.
I
Roy contends that the trial court erred in denying his motion for a continuance so that he could secure evidence to prove that he was in Chicago, Illinois, on the day the victim alleged that he took her car without permission.
Whether to grant or deny a motion for a continuance due to lack of time for adequate preparation is within the sound discretion of the trial court, and its ruling thereon is not to be reversed on appeal absent a showing of plain and palpable abuse. Johnson v. State, 500 So.2d 69 (Ala.Cr.App.1986). The failure to exercise due diligence in preparing a case for trial constitutes a proper ground for denial of a motion for continuance. Prock v. State, 471 So.2d 519 (Ala.Cr.App.1985).
In the instant case, Roy moved for a continuance on the day of trial to secure evidence to show that he was not in Alabama on May 2, 1988, the day that the victim states was the day that he stole her car in Montgomery, and that he had not been in Alabama since August 1987. The record reveals that this case had been pending since 1988 and that Roy had knowledge of the charge at least since September 20, 1989, when he waived arraignment on the charge. The record further reveals that on the first trial setting of November 16, 1989, Roy failed to appear for trial and a capias was issued on November 21, 1989. The capias was executed on July 26, 1990. Following Roy’s guilty plea and withdrawal thereof, this case finally came on for trial on February 28, 1991.
It is abundantly clear that the period from September 20, 1989, to February 28, 1991, was more than adequate to secure any documentation as to Roy’s whereabouts on May 2, 1988. If such information was actually in existence, Roy should have been on notice prior to February 28, 1991, that his attorney did not have the information in his possession and that arrangements needed to be made to secure it. Roy’s failure to secure this information prior to the trial date of February 28, 1991, could not have been due to any factor other than his lack of diligence in attempting to secure the information. Hence, the trial court properly denied Roy’s motion for a continuance because Roy clearly had adequate time to prepare for trial.
II
Roy contends that the trial court erred in failing to charge the jury on the lesser included offense of unauthorized use of a motor vehicle.
The record reveals that Roy at no time requested, either orally or in writing, that the court charge the jury on the unauthorized use of a motor vehicle. Roy, moreover, stated on the record that he was satisfied with the court’s oral charge.
It is axiomatic that matters not objected to are not preserved for review and that an adverse ruling is required in order to preserve error for appellate review. Maul v. State, 531 So.2d 35 (Ala.Cr.App.1987).
Moreover, in Terry v. State, 447 So.2d 1322 (Ala.Cr.App.1984), this court stated that when one did not object to the court’s oral charge and did not make written requested charges or request the court for further charges, he cannot complain for the first time on appeal of error in the charge. Consequently, by failing to raise this issue before the jury retired to deliberate, Roy has waived this issue on appeal.
*209 III
Roy contends that the trial court’s reasonable doubt charge violates Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), and that the trial court should have granted his motion for new trial on this ground.
The record reveals that Roy did not object to the court’s oral charge on this ground or any other ground prior to the jury’s retirement for deliberation. In fact, following the court’s oral charge, Roy announced that the defense was satisfied. Roy raised this issue for the first time in a motion for new trial, which was denied by operation of law after 60 days had elapsed without a ruling by the trial judge.
As stated earlier, one may not assign as error the court’s giving of an erroneous charge unless he makes a specific objection prior to the jury’s retirement for deliberation. Biddie v. State, 516 So.2d 846 (Ala.1987).
Furthermore, recently, in Ex parte Beavers, 598 So.2d 1320 (Ala.1992), the Alabama Supreme Court held that the failure to make a timely objection to a reasonable doubt charge on the ground that it violated Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), barred appellate review of the issue.
Hence, because Roy failed to object to the court’s charge on this ground before the jury retired to deliberate, he waived appellate review of this issue.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.