231 So.2d 86

**Wade HUBBARD**

v.

**STATE of Alabama.**

**6 Div. 673.**

Supreme Court of Alabama.
Jan. 29, 1970.
As Amended June 25, 1970.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

Thomas Seay, Birmingham, for appellant.

McCALL, Justice.

Wade Hubbard was tried in the circuit court of Jefferson County on February 16, 1967, on a charge of murder in the first

degree. The jury found him guilty and fixed his punishment at death.

This appeal is from a final order and judgment of that trial court denying the defendant's petition for a writ of error coram nobis. In his appeal, the appellant contends that at the time of his trial, the court excused for cause four prospective jurors from a venire of 113, "because they did not believe in capital punishment." He further maintains that three additional jurors from the venire also were excused for cause, "because they did not· believe in convicting on circumstantial evidence." It is insisted that this action constituted error under the holding in the case of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, and for this reason the writ prayed for should be granted and the case reversed.

We have carefully examined the opinion of the Supreme Court of the United States in the *Witherspoon* case, supra, and distinguish it from the facts of'this case. In the present case, the court's interrogation and probing into the reservations of conscience of the prospective jurors was of an exacting nature. Its purpose was to determine if their opposition to capital punishment would prevent them from being impartial jurors and from imposing the death penalty, when law and good conscience might deem it appropriate. If such animus existed in any juror, he would have a fixed opinion, which means an absolute and settled mind against capital punishment that was not subject to change, thereby preventing him from being impartial.

In qualifying the jury, the trial judge first stated that he was directing his questions to each prospective juror on the venire. He then asked whether or not there were any jurors among them who had a fixed opinion against capital punishment. When one of the four, ultimately excused for cause, arose and answered in the affirmative, that he had a fixed opinion against capital punishment, the court then addressed this question to the juror:

"Now, the question is whether or not you have a fixed opinion against capital punishment. Now, what that means is that if you were sitting as a juror on the trial of a case, and you were convinced beyond a reasonable doubt and to a moral certainty that the individual was guilty, and that the supreme penalty should be exacted as punishment, and that the supreme penalty would be a proper punishment, do you have a fixed opinion against imposing such supreme penalty?"

The juror answered, "Yes, I do." When each of the other three jurors, later excused for cause, arose separately and also stated that they had a fixed opinion against capital punishment, the court then inquired of each separately as to whether or not he had heard the questions put to the first juror and would his answer be the same? Each of the three jurors answered in the affirmative.

Here the matter transcends the issue of disqualifying jurors for cause who express qualms and conscientious scruples against capital punishment. It involves forcing the state to select a jury from a venire composed of some, whose personal beliefs, and their adherence thereto, would so deprive them of the ability to exercise discretionary judgment, when it became a matter of inflicting the death penalty, that they either would not or could not obey their oath, which is to well and truly try all issues and a true verdict render according to the evidence.

In the *Witherspoon* decision, the court held that a sentence of death cannot be carried out, if the jury that imposed it or recommended such punishment, was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty, or expressed conscientious or religious scruples against its infliction. That case did not involve the right of the trial court in capital felonies to excuse prospective jurors for cause, who stated that their reservations against capital punishment would prevent them from making either an impartial decision as to the defendant's guilt, or from imposing the

death penalty or considering its imposition. We are of the opinion that the latter situation is presented here, and that the trial court's voir dire examination and disqualification of the jurors in question was proper.

 We reach the same conclusion with respect to those jurors, who were challenged for cause, because they either could not or would not convict, if the evidence of guilt, or any part of it, would be of a circumstantial nature, notwithstanding its weight and sufficiency might be such as to convince them of the defendant's guilt beyond a reasonable doubt.

There was no error in the trial court's denying the petition for a writ of error coram nobis and the judgment of that court is hereby affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN, and BLOODWORTH, JJ., concur.