274 So.2d 301

**Wade HUBBARD**

**v.**

**STATE.**

**6 Div. 673.**

Supreme Court of Alabama.

March 8, 1973.

See also, 290 Ala. 118, 274 So.2d 298.

---◆---

## ON REMAND FROM THE UNITED STATES SUPREME COURT

HARWOOD, Justice.

Wade Hubbard was adjudged guilty of murder in the first degree and his punishment fixed at death. This judgment was affirmed by this court. Hubbard v. State, 283 Ala. 183, 215 So.2d 261.

Subsequently, Hubbard brought a petition for a writ of error coram nobis, the basis of his petition being that several jurors were wrongfully excused from the venire in violation of the doctrine enunciated by the Supreme Court of the United States in the case of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776. The petition for writ of error coram nobis was denied by the Circuit Court of Jefferson County, Alabama, which order of denial was appealed to this court.

On review of this order of denial, this court found that the record showed that the lower court's examination of all of the excused jurors made in the coram nobis proceedings, relative to their reservations concerning capital punishment, was "probing" and of "an exacting nature," and fully sufficient to show that the jurors were properly excused under the standard laid down in *Witherspoon*, supra. See Hubbard v. State, 285 Ala. 212, 231 So.2d 86.

Both the judgment in the main trial, and the order denying the writ of error coram nobis, were appealed to the Supreme Court of the United States.

That court, 408 U.S. 934, 92 S.Ct. 2851, 33 L.Ed.2d 747 reversed that part of the judgment entered in the murder case which imposed a sentence of death and remanded the cause to this court for further proceedings. On the same day, the judgment of this court affirming the order in the coram nobis proceedings was reversed and remanded to this court for further proceedings, 408 U.S. 936, 92 S.Ct. 2859, 33 L.Ed. 2d 752.

It is readily apparent that the coram nobis proceeding was collateral to the main case, i. e., the murder case, in which the death sentence was imposed.

From our re-examination of the coram nobis proceeding, it appears that the denial of the petition for a writ of error coram nobis by the lower court was correct and well within the standards pronounced in *Witherspoon,* supra. Our affirmance of the order of the circuit court under these circumstances would also appear to be correct.

The order of reversal of this case by the Supreme Court of the United States was by a memorandum opinion. We assume that the basis of the reversal and remandment of the judgment in this coram nobis case was because it might be thought that the judgment in the coram nobis proceeding could in some manner impinge upon or affect the judgment of the Supreme Court of the United States which reversed the

sentence portion of the judgment in the murder case.

Whether this assumption be right or wrong, this court has now vacated and set aside that part of the judgment imposing a sentence of death rendered and entered in the murder case, and in lieu thereof has adjudged that Wade Hubbard be imprisoned in the state penitentiary for the term of his natural life.

In the light of the above action by this court, it would appear that this entire coram nobis proceedings is now moot, it being collateral to the murder case.

It seeks to question the validity of the death sentence imposed in the murder case on the grounds that certain jurors were allegedly improperly excused upon challenge for cause by the state because of their scruples against imposing capital punishment, contrary to the doctrine enunciated in *Witherspoon,* supra. The death sentence having now been reduced to life imprisonment, this matter is no longer within the influence of *Witherspoon,* supra. See Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797.

This being so, this appeal is due to be dismissed, and it is so ordered.

Appeal dismissed.

All Justices concur.