[Coates v. The State.]

# Coates *v.* The State.

## *Murder.*

(Decided June 15, 1911.   56 South. 6.)

1. *Jury; Service on Defendant; Sufficiency.*—Where the sheriff by mistake served on the defendant charged with a capital felony, a copy of the indictment, together with a list of the special jurors drawn, and a list of the jurors drawn and summoned for the week following the week in which the trial was set, the court properly quashed this venire on motion; and where on discovering his mistake the sheriff served a venire on the defendant in compliance with the order of the court, the service of the first list was not ground for quashing the venire properly served.

2. *Same; Venire; Quashing; Grounds.*—The fact that the sheriff's return showed that one of the persons drawn as a special juror had not been found, is not grounds for quashing the venire.

3. *Charge of Court; Weight of Evidence.*—Charges directing the attention of the jury to a particular phase of the case and instructing them to weigh the evidence on that phase, were properly refused.

4. *Homicide; Self Defense; Instructions.*—Charges on self defense which fail to hypothesize defendant's freedom from fault in bringing on the difficulty with the decedent, are properly refused.

5. *Same.*—A charge which assumes that the act of the decedent in commencing to draw a deadly weapon before the defendant fired constituted a real or reasonably apparent danger of death or grievous bodily harm, and so entitling the defendant to shoot in self defense, is improper.

6. *Same; Malice; Instructions.*—Where the court defined malice as an ingredient of murder as not necessarily meaning hatred or ill-will, but as the unlawful and willful killing without any legal excuse or justification, and on a return of the jury with a request for a definition of malice, repeated his definition and read certain other definitions to the jury from a law book, such act was not calculatea to convey to the jury the impression that the definitions read were adopted as a part of the definition requested, the court's definition being correct in itself.

APPEAL from Gadsden City Court.

Heard before Hon. JAMES A. BILBRO.

Cleveland Coates was convicted of murder and he appeals.   Affirmed.

ALTO V. LEE, JR., for appellant.   The order fixed the venire at fifty names, and fifteen additional names were

drawn, but only fourteen summoned, and hence, the venire was in violation of section 32.—Acts 1909, p. 319; *Bailey v. The State,* in MS. There was a mistake in the names of two of the jurors and these should have been discarded and others summoned.—Section 7267, Code 1907. The court erred in failing to quash the venire.— *Cole v. The State,* 105 Ala. 81; *Jackson v. The State,* 77 Ala. 23. Counsel discuss the refused charges, but without citation of authority.

ROBERT C. BRICKELL, Attorney General, for the State.

WALKER, P. J.—As to the proceedings to be taken in preparation for the trial of a person indicted for a capital felony, there is no suggestion that in this case there was a failure to comply with any requirement of the statute (Acts Sp. Sess. 1909, pp. 305, 319) up to and including the action of the court in causing an order to be issued to the sheriff to summon the jurors specially drawn and forthwith to serve upon defendant a list of the names of all the jurors summoned for the week in which the trial was set, and those specially drawn, together with a copy of the indictment.

The action of the sheriff under that order was by motion brought to the attention of the court as a ground for quashing the venire of jurors for the trial of the case. By mistake the sheriff first served on the defendant, as the list of jurors for the trial of his case, a list of the special jurors drawn and a list of the regular jurors drawn and summoned for the week of the court next after the week in which the trial was set, together with a copy of the indictment. On discovering the mistake, the sheriff in due time served upon the defendant the proper lists of names, together with a copy of the indictment. It was apparent that the first at-

tempted service did not constitute a compliance with the order of the court on the subject, made while the defendant was personally present, as the paper showed on its face that the list of regular jurors set out was of those summoned for a week of the court other than the week in which the trial was set. When the second and proper service was made, it must have been plain to the defendant that the lists then served set out the names from which the jury in the case was to be selected. He could not in reason have supposed that the previously served list of regular jurors drawn and summoned for another week of the court was to constitute a part of the list of names from which a jury for the trial of the case was to be selected. He could not have been misled by the obvious mistake disclosed on the face of the paper first served upon him. The sheriff's first abortive attempt to comply with the order of the court constituted no ground for quashing the venire subsequently served on the defendant in strict compliance with the order of the court on the subject.

The fact that the sheriff's return showed that one of the persons whose name as a special juror was drawn was not found did not constitute a ground for quashing the venire. The statute contains no requirement that all the persons whose names are so drawn must be served. It is complied with in this regard if the required order to summon is caused to be issued to the sheriff. It is not made a prerequisite to the validity of the venire that service be had upon a special juror who could not be found. Other facts set out in the motion as grounds for quashing the venire were not sustained by proof. The court was without error in overruling that motion.

The first and third charges requested by the defendant were properly refused. The defendant was not entitled to have the court direct the attention of the jury

to a particular phase of the case and to instruct them to weigh or consider the evidence on that subject—*Fountain v. State,* 98 Ala. 40, 13 South. 492.

Charge 2 requested by the defendant was properly refused because of its failure to hypothesize the defendant's freedom from fault in bringing on the difficulty. —*Kirby v. State,* 151 Ala. 66, 44 South. 38; *Smith v. State,* 142 Ala. 14, 39 South. 329; *Harrison v. State,* 144 Ala. 20, 40 South. 568; *Gilmore v. State,* 126 Ala. 20, 28 South. 595. The giving of that charge would have made it the duty of the jury to acquit the defendant though they found from the evidence that he was at fault in provoking the deceased to become the agressor.

Charge 4 requested by the defendant was properly refused. It is a literal copy of an instruction which several times has been condemned as unsound.—*Brown v. State,* 150 Ala. 25, 43 South. 194; *Pitts v. State,* 140 Ala. 70, 37 South. 101.

Charge 5 requested by the defendant involves the assumption as a fact that the act of the deceased in merely commencing to draw a deadly weapon before the defendant fired constituted a real or reasonably apparent peril to the defendant of death or grievous bodily harm, entitling him to shoot in self-defense. Under that charge the defendant would have been entitled to an acquittal, though the jury found from the evidence that he shot when there was no real or apparent necessity of his so doing in self-defense.—*Patterson v. State,* 146 Ala. 39, 41 South. 157. It is not necessary to determine whether the charge was otherwise faulty. The court did not err in refusing to give it.

It is shown by the bill of exceptions that after the submission of the case to the jury they returned and asked the court to define malice. The bill of exceptions

[Coates v. The State.]

then states: "The court then read to the jury the fol-
lowing paragraphs from Mayfield's Digest, vol. 1, 602:
'(4) Malice in law is not necessarily hatred or ill will,
but is an intention of doing an unlawful act. (5) Malice
as an ingredient of murder is in law the killing of a
human being without legal justification.' The court
then stated to the jury that malice, as an ingredient of
murder, does not necessarily mean hatred or ill will,
but it is the unlawful and willful killing of a human
being without any legal excuse or extenuation." It does
not appear from the charge, read as a whole, that the
court instructed the jury that the language last quoted
by it constituted, in whole or in part, its definition of
malice. On the contrary, it plainly appears that the
court read in the hearing of the jury the two definitions
of malice found in the book mentioned, and then stated
to the jury what it deemed the proper definition of the
term, to be taken by the jury as the court's answer to
the request for a definition. The definition adopted by
the court is well sustained by authority.—*Cribbs v.
State,* 86 Ala. 613, 6 South. 109; *Patterson v. State,*
146 Ala. 39, 41 South. 157. The mode in which the
court used the quoted language to which an exception
was reserved was not calculated to convey the impres-
sion that it was adopted by the court as a part of the
definition requested. It is not necessary to determine
whether or not the court would have been in error if it
had adopted the quotation objected to as a part of its
definition of malice. See *Patterson v. State, supra.* It
suffices to say that the record does not show that it did
so. There was no merit in the exception under consid-
eration.

The record presents no other question for review.
Affirmed.