5 So.2d 119

## EATMAN v. STATE.

2 Div. 697.

Court of Appeals of Alabama.

Dec. 16, 1941.

Godbold & Godbold, of Camden, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

At the October, 1940, session, of the circuit court of Wilcox County, the grand jury found and regularly returned into open court an indictment against this appellant which charged him with the offense of grand larceny; specifically: that he feloniously took and carried away one cow, the personal property of Coleman Long, etc.

In answer to said indictment the defendant, upon arraignment interposed his plea of not guilty. His trial was had on the 29th day of October, 1940, and resulted in his conviction of the offense as charged in the indictment.

Upon the trial the evidence without dispute proved the corpus delicti, and disclosed that the cow in question had been stolen in Marengo County, Alabama, and sold to a Mr. Strother in Wilcox County. Section 4894, Code 1923, Code 1940, Tit. 15, § 94, placed the jurisdiction of the offense in either of the two above named counties. It appears from the record that the trial of the defendant proceeded regularly, and that pending the main trial no ruling of the court was invoked upon any question, hence no exception was reserved. Nothing therefore is presented for our consideration so far as the main trial of the case is concerned.

Appellant's earnest counsel on the motion for a new trial, informs us in brief that the defendant was unattended by counsel on the main trial which probably accounts for the facts above stated, that is, no ruling of the court was invoked. This fact, of course, is no defense upon a prosecution for crime of this character, and the jurisdiction of this court in a case of this character being appellate only, we are without authority to put the trial court to error in the absence of some adverse and erroneous ruling. Woodson v. State, 170 Ala. 87, 54 So. 191; Le Nier v. State, 19 Ala.App. 227, 96 So. 459; Sasser v. State, 29 Ala.App. 326, 195 So. 564; Gra-

ham v. State, 24 Ala.App. 171, 133 So. 57; Vinson v. State, 26 Ala.App. 48, 152 So. 259; Wetzel v. State, 25 Ala.App. 38, 140 So. 620; Thompson v. State, 24 Ala.App. 300, 134 So. 679; Sharp v. State, 21 Ala. App. 262, 107 So. 228.

While it appears, that the question of the sufficiency of the evidence to support the verdict of the jury, and sustain the judgment of conviction, pronounced and entered, is not presented here; we are free to state, after an examination of the evidence, in our opinion it was in every way amply sufficient to warrant the action of the jury and the trial court in this connection.

The action of the court in overruling and denying the defendant's motion for a new trial, however, is properly and regularly presented for our consideration. But upon an attentive and careful consideration of this question, we are clear to the conclusion that the action of the court in overruling and denying defendant's motion for a new trial, was free from error, and the exception reserved cannot be sustained, and nothing appeared upon the hearing of the motion which would have justified or warranted the trial judge to grant the prayer of the defendant therein contained.

No error appearing upon the entire trial of this case, and the record proper being regular in all respects, it follows that the judgment of conviction from which this appeal was taken be affirmed. It is so ordered.

Affirmed.