41 So.2d 201

## WARREN v. STATE.

### 6 Div. 839.

Court of Appeals of Alabama.
June 7, 1949.

T. K. Selman and R. L. Newton, of Jasper, for appellant.

A. A. Carmichael, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., and Chas. E. Tweedy, Jr., of Jasper, for the State.

CARR, Judge.

The accused was indicted 'for and convicted of murder in the second degree. Without dispute in the evidence he killed Troy Dill by shooting him with a gun.

It is cogently urged that the evidence is not sufficiently potent to warrant a conviction of murder in the second degree.

It appears that the deceased had been a frequent visitor in the home of the appellant. An amorous relationship had existed between the decedent and defendant's wife for some time. The accused was aware of this affair.

On the night in question Mrs. Warren left her home about 6 p. m. and returned with the deceased in a car about midnight. When the accused discovered that his wife was absent from the home, he suspected that she was out with Troy Dill and waited for their return.

The automobile in which the couple was traveling was stopped on the highway immediately in front of appellant's dwelling and a short distance therefrom. After the car was parked as indicated. the defendant observed that Mrs. Warren and Dill were kissing. When they were disengaged from their embrace, the accused forthwith shot Dill. Mrs. Warren tried to take the gun from her husband, but was unsuccessful. Immediately Mr. Warren ran to the other side of the automobile and at very close range again shot the deceased. The latter never did get out of the car.

The jury could have reasonably inferred from some of the evidence that the appellant had been waiting for several hours, with loaded gun, for the return of his wife and Dill.

There were some gun wadding and feet "tromping" signs which indicated that the defendant was in his yard when he first

fired and that he had been there for a time prior thereto.

■ We have delineated only a scant tendency of the evidence. This will serve to illustrate our view that a conviction of murder in the second degree is warranted by the facts.

■ Murder in the second degree is the unlawful killing of a human being with malice, but without deliberation or premeditation. Title 14, Sec. 314, Code 1940; Miller v. State, 145 Ala. 677, 40 So. 47; Strickland v. State, 151 Ala. 31, 44 So. 90.

The presence of malice in murder in the second degree distinguishes the offense from manslaughter in the first degree. Harold v. State, 12 Ala.App. 74, 67 So. 761.

■ "Legal malice" as applied to homicide is an intent unlawfully to take the life of another without legal excuse, justification or mitigation. It is not necessarily ill will or hatred.

■ The intentional and unjustifiable use of a deadly weapon in a deadly manner raises the presumption of malice. This prima facie presumption prevails unless the circumstances incident to the killing rebut the presumption. Malice may arise in an instant of time. McKee v. State, 33 Ala. App. 171, 31 So.2d 656; Dixon v. State, 128 Ala. 54, 29 So. 623; McDowell v. State, 238 Ala. 482, 191 So. 894.

■ Counsel strongly stresses his position on the authority of Hooks v. State, 99 Ala. 166, 13 So. 767, 768. In the case at bar, the appellant did not find his wife and the deceased in the act of sexual intercourse at the time of the homicide. Therefore, our decision must be rested on the following doctrine, which is stated in the opinion in the Hooks case: "The principle we announce is that the law does not declare the provocation sufficient unless the parties are detected in the act; but a jury may say whether the compromising position of the parties was sufficient to arouse passion in the husband to such a degree as to overthrow reason, just as a jury may say, in some other cases, whether the offense was the result of sudden and sufficient provocation to reduce the offense from murder to manslaughter."

In other aspects the holding in the Hooks case has been criticised by subsequent authorities. See, Ragland v. State, 125 Ala. 12, 27 So. 983; Jarvis v. State, 138 Ala. 17, 34 So. 1025; Brewer v. State, 160 Ala. 66, 49 So. 336; Peagler v. State, 207 Ala. 586, 93 So. 536.

■ Even in cases where the acts of adultry are immediate and present, this rule has been applied. " * * * if a man find his wife in the act of adultry, and, provoked by the wrong done him, and moved by the passion naturally engendered, he immediately kills her, he is not guilty of murder, but of manslaughter only; but that, on the other hand, if he does not strike and kill until after there has been time for his passion to cool and for reason to reassert itself, or if he strikes and kills immediately, but is not moved thereto by the heat of passion, but by prior malice, hatred, a desire to avenge the wrong done him, or by any other motive, or upon any design whatever except such as is presently engendered by the paroxysm of rage into which he is thrown by this extreme provocation, he is guilty of murder." McNeill v. State, 102 Ala. 121, 15 So. 352, 354, 48 Am.St.Rep. 17.

This holding was approved in the fairly recent case of Sheppard v. State, 243 Ala. 498, 10 So.2d 822.

The facts in the instant case in respect to the adulterous acts are not as favorable to the accused as we find in some of the cited cases.

■ Without question, the appellant was not due the general affirmative charge as to murder in the second degree. Brunson v. State, 212 Ala. 571, 103 So. 664; Sheppard v. State, supra.

■ Neither do we conclude that error should be charged to the action of the court in denying the motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

On rebuttal the State introduced Mr. Lecil Howell as a witness. It appears that appellant's wife had formerly worked for Mr. Howell. The witness was interrogated with reference to an alleged conversation he had with the accused prior to the homicide. Objections were overruled to this

450

question: "On the way down did he ask you how much you would give him to let his wife work for you?" The question was answered in the affirmative.

This inquiry did not relate to such information that by its introduction the substantial rights of the accused were in any manner infringed. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

In brief of counsel insistence is made that it was prejudicial error to allow answers to some questions which immediately followed the above quoted. There were no objections interposed to any of these questions and, of course, nothing is presented for our review. Riner v. State, 30 Ala.App. 62, 1 So.2d 402; Eatman v. State, 30 Ala.App. 312, 5 So.2d 119.

We have herein responded to each question which is pressed in brief of counsel. Our careful study of the record convinces us that these include all of meritorious moment.

The judgment of the court below is ordered affirmed.

Affirmed.

BRICKEN, Presiding Judge, not sitting.