90 So.2d 166

**Charlie MILLER**

v.

**STATE.**

7 Div. 383.

Court of Appeals of Alabama.

Oct. 16, 1956.

Love & Hines, Talladega, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

The appellant, Charlie Miller, was indicted for the murder of Howard Jenkins. His trial resulted in a conviction for murder in the second degree and his punishment was fixed at imprisonment in the penitentiary for ten years.

For the State Dr. Ernest Plank, an Anniston physician, testified that at approximately 8 o'clock A.M. on April 2, 1955, he treated both deceased and appellant in the emergency room of the Anniston Memorial Hospital. Deceased had a "puncture wound of the lower right chest about three inches to the right of the midline in the tenth right interspace." The bullet ranged downward and backward with the "wound of exit being just below the right postula margin and ribs on the right side." This wound caused deceased's death, which occurred shortly after 4:00 P.M. on April 2, 1955.

Defendant had a badly lacerated eye, which was puffed up, blue and bloodshot. Several stitches were taken below and above the eye.

According to the State's evidence a fish fry was held at deceased's home the night preceding the killing. In the early morning hours Howard Jenkins, Almeda Wynn and Robert Bradford went to a cafe in the Silverrun community where they bought cigarettes and played records on the "rockola." About day break appellant came to the cafe, and as he was entering the cafe deceased placed his hand on appellant's shoulder and appellant fell to the ground outside the door. Deceased helped appellant get up and apologized for causing him to fall. Appellant came into the cafe and asked for cigarettes and found he had no money. He went outside, looked on the ground and re-

594

turned with some change. Before leaving the cafe he accused deceased of taking $10 from him which was denied by deceased.

Approximately twenty minutes after appellant had gone, Howard Jenkins, Robert Bradford and Almeda Wynn also left the cafe and started toward the main highway in deceased's automobile. When the car had traveled some 80 feet the defendant was discovered standing by the road with a rifle pointed toward the automobile. Deceased stopped the car and got out, and immediately thereafter the appellant shot him in the chest. After he was wounded deceased knocked appellant down and kicked him about the head and face. There was evidence that after he left the cafe defendant made threats that he was going home to get his gun and was going back to the cafe to kill the man that tried to take his money.

When the State had concluded its testimony in chief the defendant moved to exclude the evidence on the ground the State had failed to make out a case against him.

In Garner v. State, 34 Ala.App. 551, 41 So.2d 634, 635, we said: "Unless the evidence palpably fails to make out a prima facie case, or on the other hand, if its tendencies at all support the charge made, or afford inferences to be drawn by the jury in support of the charge, it is properly left to the jury for determination of its weight."

▪▪▪ We are of the opinion the court properly overruled the motion to exclude the evidence in this case.

The defendant denied that he shot deceased. His testimony was that Almeda Wynn grabbed the gun; Robert Bradford grabbed defendant from the back, and deceased ran from the automobile and hit him in the face rendering him unconscious. Up until that time the gun had never fired.

It is well settled that murder in the second degree is the unlawful killing of a human being with malice, but without deliberation or premeditation. Warren v. State, 34 Ala.App. 447, 41 So.2d 201, and authorities there cited.

"Legal Malice" as an ingredient of murder is an intent to take human life without legal excuse, justification or mitigation, and it may be presumed from the use of a deadly weapon, unless the evidence which proves the killing rebuts the presumption. Coates. v. State, 1 Ala.App. 35, 56 So. 6; Warren v. State, supra.

The conflict in the evidence presented a question for the jury to determine and the evidence was sufficient, if believed by the jury under the required rule, to support the verdict. There was no error in the court's refusal to give at defendant's request the general affirmative charge.

No brief has been filed in appellant's behalf, but we have carefully searched the record, as we are required to do, and find no reversible errors.

The judgment of the trial court is ordered affirmed.

Affirmed.