260 So.2d 406

**James Otis YOUNG, Jr.**

v.

**STATE.**

**8 Div. 147.**

Court of Criminal Appeals of Alabama.

April 4, 1972.

No brief from appellant.

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State.

**PER CURIAM.**

Appellant was tried on a charge of murder in the first degree, found guilty of murder in the second degree, and sentenced to thirty-five years imprisonment.

At the conclusion of the State's testimony the appellant made a motion that it be excluded and he be discharged and the case be dismissed because no prima facie case had been made out. The motion was overruled and exception was reserved. Since the question of the sufficiency of the evidence to support a conviction was raised in the court below, it is appropriate that the State's evidence be set out in substance.

The State's evidence tends to show that on the night of May 9, 1970, some dozen or more men were at the home of Daisy Moman in the Smithsonia Community in Lauderdale County primarily engaged in shooting craps, playing poker and drinking. Daisy seems to have had on hand some intoxicants for those who visited to buy and the party seems to have been in full swing about 10:30 or 11:00 P.M. when appellant, Raymond Edwards, and Edwards' "girl friend," Hazel Reese, arrived. They had been drinking some and brought with them a shotgun and record player. They set the record player down but one or the other kept the shotgun in his hands and from time to time walked among the players using profanity and saying "how bad they were," and appellant is quoted as saying he would "kill one in a minute."

Daisy, who was appellant's aunt, asked them to take the gun and leave or she would call the police. This they did not immediately do. However they, appellant and Edwards, asked James Henry Chandler and S. W. Stewart to drive them to Florence but both of these men testified they were afraid and first one and then the other slipped out and left. Edwards finally asked Warner Smith, the deceased, to take them away in his car and he promised he would "in a minute," and Edwards, appellant and Hazel Reese waited on the front porch until they became impatient and Edwards,

with the gun, went back in and this time Smith came out. Hazel Reese testified that Edwards and appellant then began pointing the gun and "playing with Smith" passing the gun back and forth while Smith asked them not to point it if it was loaded. Appellant then took the gun from Edwards and said, "Let me do it." She further testified that she then heard a shot and Smith fell only a few feet away. He was shot in the face and was dead from the wound when the ambulance arrived. Appellant then said he was sorry and he did not mean to do it. Edwards took the gun back at that time. A brother of deceased, Willie Joe Smith, had arrived and tried to call an ambulance when Edwards interfered and "cussed" the person on the other end of the line. Appellant waited in the house until the arrival of the sheriff. Before his arrest appellant came out of the house, met the sheriff and handed over the gun, saying that he had killed Warner Smith. He was then arrested and taken to jail.

█ Murder in the second degree is the unlawful killing of a human being with malice, but without deliberation or premeditation. Miller v. State, 38 Ala.App. 593, 90 So.2d 166.

█ Malice may be presumed in a killing from the use of a deadly weapon, unless the circumstances of the killing disprove or rebut the presumption. Cases collected in Ala. Digest, Homicide, ☞ No. 146.

█ We hold under the testimony that the court properly overruled the motion to exclude the testimony.

At the trial the appellant denied that he killed the deceased and testified that it was done by Raymond Edwards who was present with him and Hazel Reese when the fatal shot was fired. While in jail he had signed a written confession which he introduced into evidence but denied the part implicating him as the one firing the shot. He also denied the truth of the statement to the sheriff when the sheriff arrived at the house of Daisy Moman. The court properly submitted the case to the jury on a question of fact.

█ The appellant attempted to offer evidence of statements made some two hours after killing by Raymond Edwards to witness Hazel Reese that he would take care of her if she did not say appellant shot deceased, and further, at the home of Daisy Moman, pointed the gun at the witness's face and said, "This is the gun that killed him." The State's objections to this testimony were sustained. This testimony was clearly not a part of the res gestae, lacking the proximity in time to the event in question and the element of spontaneity required for the exception to the hearsay rule. Harrison v. Baker, 260 Ala. 488, 71 So.2d 284; Smith v. State, 28 Ala.App. 506, 189 So. 86.

Much is left to the sound discretion of the trial court based on the facts in each case. *Harrison,* supra; *Smith,* supra; McElroy on Alabama Evidence, Sec. 265.01 (2).

█ Appellant also offered to show by witness Henry Brown that Raymond Edwards some time before the shooting said that, "If you don't hush talking, I'm going to shoot you." The court sustained objection by the State. This evidence offered was hearsay and not a part of the res gestae. Roberson v. State, 23 Ala.App. 26, 119 So. 863.

In none of these rulings referred to on the admission of this testimony was the court in error.

█ The court refused ten written charges requested by the appellant. Charge No. 6 was the affirmative charge as to murder in the first degree and under the verdict of the jury was abstract. The remaining charges dealt with the question of reasonable doubt and were either covered by the oral charge of the court or other given charges for the appellant. No error appears in their refusal.

Five charges in writing were given at the request of the State.

Charges 1 and 8 dealt with murder in the first degree and under the verdict there was no error in giving these.

The remaining charges 17, 19, and 2, state correct propositions of law applicable to the issues and no error appears on the part of the court.

This opinion was prepared by W. J. HARALSON, Supernumerary Circuit Judge, and adopted by this Court as its opinion.

Affirmed.

PRICE, P. J., and CATES, ALMON and TYSON, JJ., concur.