288 So.2d 753

Nathaniel WILLIAMS

v.

STATE.

I Div. 443.

Court of Criminal Appeals of Alabama.

Jan. 15, 1974.

Fred F. Smith, Jr., Fairhope, for appellant.

Charles A. Thigpen, Sp. Asst. Atty. Gen., Tuscaloosa, for appellee.

TYSON, Judge.

The Grand Jury of Baldwin County, Alabama, charged the appellant with the first degree murder of John Lee York by shooting him with a rifle. The jury found the appellant guilty of murder in the second degree, and its verdict and judgment fixed punishment at twenty-five years imprisonment in the penitentiary.

On June 3, 1973, the appellant and his wife were at Boulden's Inn in Baldwin County, Alabama, where they were drinking with several friends and relatives. An argument ensued between the appellant and his wife over the manner in which she was dancing. Thereafter the appellant struck his wife and tried to make her go home. She refused, and the parties were separated by others present, and they continued drinking. Later the argument and fight resumed. The appellant's statement given the afternoon of the homicide to Chief Deputy Sheriff W. O. Garner reads as follows:

"Q. Let's read it—My wife and I was fighting. We had been arguing all of that day; she got mad with me and started drinking and acting strange. She started dancing and clowning all over everybody, so I grab her and we started fighting. I tried not to hurt her or hit her, but she was beating and I had to do something, so I started hitting her and when I did look like everybody tried to jump on me—had me in a corner beating me. And I managed to grab someone

and the person I grab was my wife. I started hitting her and then John Lee York came behind me and started beating me with some object. I don't know what it was. I broke loose and ran out the shop and got my rifle and John York had ran in front of the shop looking for me, and he told me to go ahead and shoot mother fucker and go to hell so I shot him and ran down to ·my mother house and put the rifle down and ran and caught me a ride to Bay Minette, and that's when I turn myself in. When I shot John Lee York he was standing in front of Bolden's Inn and I was standing on the edge of the highway.'"

Toxicologist Nelson Grubbs, who performed the autopsy on John Lee York, testified that the cause of death was due to a "gunshot wound of the left lung, aorta and the spinal column, which tore a hole about one-half inch on each side of the big artery that feeds the heart."

Appellant presented the testimony of several witnesses who were present at Boulden's Inn on the date of the homicide. Each testified that there were three fights; that on the occasion of the third fight the deceased had struck the appellant several times while breaking up the fight between the appellant and his wife; that the appellant then left the tavern and returned with a small caliber rifle. Thereafter the appellant's testimony indicated:

"Q. . . . Was there more than one shot fired?

"A. One shot fired.

"Q. Was there in [Sic] bad language like there has been testimony about?

"A. Yes sir.

"Q. Did he start towards you?

"A. He had his hands in his pocket— one hand in his pocket when I first saw him up on the steps and when he saw me

he took a step and had his hand by his side and he said: 'Shoot, mother-fucker and go to hell' like that, so I shot him."

I

 Appellant first contends there was no order of the trial court setting this cause for trial, as required by Title 30, Section 69, Code of Alabama 1940; and Spicer v. State, 69 Ala. 159.

The Minute Entry is as follows:

"APPOINTMENT OF ATTORNEY

"8/15/73; Defendant, Nathaniel Williams, before the court, and having made known to the Court that he is financially unable to employ Counsel to represent him in this case, the Court hereby appoints Fred Smith, experienced and competent Attorney, practicing at the Bar of Baldwin County, Alabama to represent and defend said defendant in this case.

"ARRAIGNMENT PLEA

"8/15/73; Defendant arraigned on the indictment in this cause and pleads not guilty to the offense charged therein.

. . . . . . .

"JUDGMENT ENTRY

"8/15/73; This day in open Court came the State of Alabama, by its District Attorney, and the Defendant in his own proper person and with his attorney and the defendant having heretofore on the 15th day of August, 1973, been arraigned on the indictment in this case charging him with the offense of Murder 1st Degree to which said indictment on arraignment the defendant plead not guilty and the trial of this case having been regularly set for this day, thereupon, in open Court on this day in the presence of the District Attorney, Defendant's Attorney, and Defendant, the Court proceeded to impanel the jury to try this case from the Venire drawn for the trial of this case. Thereupon, in open Court on this

day in the presence of the District Attorney, Defendant's attorney, and defendant, came a jury of good and lawful men and women, to-wit: Lamar Rawson, and eleven others, who, having been duly impanelled and sworn according to law, who, having heard the evidence and the charge of the court upon their oaths, in open court on this day in the presence of the District Attorney, Defendant's attorney, and Defendant, do say: 'WE, THE JURY, FIND THE DEFENDANT GUILTY OF MURDER IN THE SECOND DEGREE AND FIX HIS SENTENCE AT 25 YEARS IN THE STATE PENITENTIARY.'

"Thereupon, in open Court on this day the defendant in the presence of his Attorney asked by the court if he had anything to say why the judgment and sentence of the law should not be passed upon him replied; 'he had not'; It is therefore considered and adjudged by the court that the defendant is guilty of the offense of Murder 2nd Degree as charged in the indictment and that the defendant be and he is hereby sentenced to imprisonment in the State Penitentiary for a period of 25 years. The Defendant gives notice of appeal. 10/1/73; The Defendant, being indigent, it is ordered that the State provide him with a free transcript."

As may be seen, the trial court did set this cause for trial on the same day as the arraignment; hence, there was an order of the trial court "fixing the time of trial." See Barnett v. State, 28 Ala.App. 293, 184 So. 702.

Moreover, there was no objection raised at trial; hence, this issue is not properly presented for review.

## II.

Appellant next contends that he was arraigned and tried in a capital case on the same day in violation of the provisions of Title 15, Sections 316 and 317, Code of Alabama 1940. These sections read as follows:

"§ 316. *Cases set for particular days; exceptions.*—It is the duty of the clerk of the circuit court to set for trial all criminal cases in his court, except capital cases, and cases of parties in custody, for particular days; and no case so set shall be called for trial before such day.

"§ 317. *Defendant not tried until case on docket one day.*—No person shall be tried on an indictment presented by the grand jury until at least one entire day after the case has been placed upon the trial docket of the court, except with the consent of the defendant; but this section shall not apply to cases where an indictment has been quashed or demurrer sustained thereto and a new indictment for identical offense is returned on the same day."

■ In examining this record, we note that no motion for a continuance was interposed; nor was there any ruling of the trial court invoked on this matter. Thus, this question is not properly presented for review. Haun v. State, 44 Ala.App. 585, 217 So.2d 249, cert. denied 283 Ala. 715, 217 So.2d 751; Cowart v. State, 44 Ala. App. 201, 205 So.2d 250.

■ Since no issue was raised in the trial court regarding the fact that there was not one full day lapsed between arraignment and trial, it must be presumed that such was done with the consent of the appellant. See Baker v. State, 48 Ala.App. 535, 266 So.2d 340, cert. denied 289 Ala. 739, 266 So.2d 344.

■ It should be noted in passing further that, since the appellant was found guilty of murder in the second degree and duly sentenced in accordance with the verdict, such operates as an acquittal of murder in the first degree. Therefore, the trial court cannot be charged with error in putting the appellant to trial on the same day as arraignment in this cause. See Carr v.

State, 23 Ala.App. 584, 129 So. 484; McKanney v. State, 51 Ala.App. ——, 287 So.2d 240, 1973; Hubbard v. State, 290 Ala. 118, 274 So.2d 298; also Hubbard v. State, 290 Ala. 120, 274 So.2d 301.

## III

■■ The appellant contended that the State failed to prove a prima facie case and moved to exclude the State's evidence. Murder in the second degree is the unlawful killing of a human being with malice, but without deliberation or ·premeditation. Smith v. State, 47 Ala.App. 513, 257 So.2d 372; Young v. State, 47 Ala.App. 674, 260 So.2d 406; Miller v. State, 38 Ala.App. 593, 90 So.2d 166; Warren v. State, 34 Ala.App. 447, 41 So.2d 201.

In *Miller,* supra, we find:

" 'Legal Malice' as an ingredient of murder is an intent to take human life without legal excuse, justification or mitigation, and it may be presumed from the use of a deadly weapon, unless the evidence which proves the killing rebuts the presumption. Coates v. State, 1 Ala. App. 35, 56 So. 6; Warren v. State, supra."

Here the appellant's use of a rifle presented sufficient evidence from which the jury could infer that he acted with malice.

The conflict in the evidence presented a question for the jury to determine, and the evidence was sufficient, if believed by the jury, under the required rule to support the verdict. Miller v. State, 38 Ala.App. 593, 90 So.2d 166.

## IV

■ At the conclusion of the extensive oral charge by the trial court, the appellant stated that there were ·"no exceptions." The trial court then gave five of the appellant's written requested charges, and denied seventeen others.

We have carefully examined each of these refused charges and find that they were either affirmative in nature or not properly predicated on the evidence in this case, or fully and substantially covered in the trial court's oral charge; hence, their refusals were proper. Title 7, Section 273, Code of Alabama 1940.

We have carefully reviewed this entire record, as required by Title 15, Section 389, Code of Alabama 1940, and find no error therein. This cause is due to be and the same is hereby

Affirmed.

All the Judges concur.