[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 887 
Appellant, defendant at nisi prius, was indicted for assault with intent to murder and convicted as charged. The trial court fixed punishment at twenty years imprisonment. Defendant's plea was not guilty and not guilty by reason of insanity.
This is a second appeal involving the same offense. Clark v.State, 54 Ala. App. 183, 306 So.2d 51, cert. denied 293 Ala. 749, 306 So.2d 54.
It appears from the undisputed evidence that the victim of the alleged offense, who was married and the mother of children, and the defendant, who was divorced, had been engaging in clandestine sexual relations at intervals for about five years. The victim became penitent and decided to discontinue these conjugal embraces. Just prior to the alleged shooting, she had so informed defendant and declined to accept his sexual appeals. The defendant shot her twice while they were struggling. We omit further details which appear in the report, supra, of the first trial.
 I
Appellant asserts error in the court's refusal to give his written charge 59, reading as follows:
 "The court charges the jury that upon the trial of an indictment for assault with intent to murder, the jury may find the accused not guilty of the offense charged in the indictment but, if the evidence warrants it, guilty of an attempt to commit such offense."
Section 38, Title 14, Recompiled Code 1958, reads:
 "Any person who commits an assault on another, with intent to murder, maim, rob, ravish, or commit the crime against nature, or who attempts to poison any human being, or to commit murder by any means not amounting to an assault, shall, on conviction, be punished by imprisonment in the penitentiary for not less than two nor more than twenty years."
It is to be noted that the indictment alleges that the defendant, ". . . unlawfully and with malice aforethought did assault [naming the victim] with the intent to murder her."
The charge, supra, instructs, the jury that they may find the accused not guilty of the offense charged in the indictment but, if the evidence warrants it, guilty of an attempt to commit such offense.
Therefore, under such instructions, the jury's verdict would properly read, "We the jury find the defendant guilty of an attempt to commit an assault with intent to murder [naming the victim]." Such a verdict could only mean that the defendant was guilty of an attempt to commit murder. We quote from Burton v.State, 8 Ala. App. 295, 62 So. 394, as follows:
 "The defendant was indicted for an assault with the intent to rape, which is made a felony by section 6309 of the Code, punishable by imprisonment in the penitentiary for not less than two years. He was convicted of an `attempt to commit an assault with intent to rape,' and sentenced by the court, as for a misdemeanor under section 7622 of the Code, *Page 888 
to hard labor for the county for a term of six months. The defendant moved in arrest of judgment that the verdict of the jury, finding him guilty of an `attempt to commit an assault with intent to rape,' was void, in that there is no such crime known to the law. The motion was overruled. In this the court committed no error. White v. State, 107 Ala. 132, 18 So. 226. The verdict and judgment that the defendant was guilty of an `attempt to commit an assault with intent to rape' can only mean that the defendant was guilty of an `attempt to commit rape,' which attempt did not proceed far enough to amount to an assault. Lewis v. State, 35 Ala. 380; Prince v. State, 35 Ala. 367."
It is to be noted, however, that the evidence, without dispute, shows that the attempt did proceed far enough to amount to an assault. The victim was shot twice with a pistol in the hands of defendant. The charge was premised in the alternative on the absence of an actual assault.
So a critical issue was the existence vel non of an intent to murder. In the absence of such intent, the offense would be reduced to assault and battery or a kindred offense, embraced in the indictment. The evidence would not justify a jury verdict of an attempt to commit murder because the statute (T. 14, § 38) plainly says that the attempt to commit murder must be "by means not amounting to an assault," and is a felony. Therefore, under the facts in this case, there was no place in the proof for the application of the doctrine of an attempt to commit the offense of assault with intent to murder, i.e. an attempt to commit murder.
The refused charge 59, supra, is paraphrased after Section 42, Title 14, Recompiled Code 1958. We quote:
 "Upon the trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such offense, without any special count in the indictment for such attempt."
Thus Section 42 has no field of operation in the instant case. The defendant was guilty of either assault with intent to murder, of assault and battery, or assault with a weapon, if anything. Stovall v. State, 34 Ala. App. 610, 42 So.2d 636. The assault was a completed act. Broadway v. State, 36 Ala. App. 542, 60 So.2d 697, states:
 "Unquestionably the evidence sustained the finding that the charged offense was being perpetrated in its completed commission and that the accused was engaged in this commission.
 "In the state of the record there is no place in the proof for the application of the doctrine of attempt to commit the charged crime. The written tendered charges were, therefore, abstract and properly refused. De Graaf v. State, 34 Ala. App. 137, 37 So.2d 130."
There was no error in the refusal of this charge.
 II
Appellant asserts that the court erred to reverse in refusing his charge 31, which states:
 "The Court charges the jury that if there was sufficient provocation to excite sudden passion, and the defendant acted under such passion, then the presumption is that passion disturbed the sway of reason and made him regardless of his act; and if the jury are satisfied from the evidence in this case that the defendant did act under such passion when he fired the shots, then you should not find the defendant guilty of assault with intent to murder."
Pretermitting the validity of the charge, we are unable to find any evidence of sufficient provocation to excite sudden *Page 889 
passion on the part of the defendant. The fact that the victim wanted to discontinue the clandestine sexual intimacy and had so informed the defendant, who then fired the shots into the victim's body, does not justify or excuse the assault. Ellis v.State, 120 Ala. 333, 25 So. 1; Chestnut v. State, 7 Ala. App. 72,61 So. 609; Elmore v. State, 226 Ala. 327, 146 So. 826. Informing defendant of such sexual termination was not sufficient as a matter of law to create sudden passion referred to in the refused charge. We note defendant did not take the stand and did not put up any witnesses except one to support his insanity plea; nor facts or witnesses relating to the resgestae.
There was no error in refusing charge 31, supra.
 III
Defendant contends the court erred in refusing his written charge 32, which is as follows:
 "The Court charges the jury that in order to reduce the offense in this case from assault with the intent to murder to assault and battery, it is not necessary that the defendant, at the time he fired the shots, should have been unconscious of what he was doing; but, if there was a sufficient provacation (sic) to excite sudden passion, and the defendant acted under such passion, then the presumption is that passion disturbed the sway of reason, and made the defendant regardless of his act, and if the jury believe this from the evidence, then you should find the defendant not guilty of an assault with the intent to murder."
This charge was correctly refused as was 31, supra. We pretermit discussing other defects in the charge.
 IV
The appellant contends the court erred in refusing his written charge 51 as follows:
 "If you find from the evidence in this case that the defendant on the occasion complained of, was so intoxicated that he was unable to form or entertain malice, as a proximate result of such intoxication, then you cannot convict the defendant of an offense higher or greater than assault and battery."
The trial court charged the jury orally as follows:
 ". . . Voluntary drunkenness does not excuse a crime. But in a case of this kind which requires a felonious intent, before you could convict this defendant, you would have to find that he was not so drunk that he could have the necessary felonious intent. I'll put it this way: If you find that he was so completely drunk that he was incapable of forming a felonious intent, then you could not find him guilty. As I said, voluntary drunkenness is no defense; but if he was so drunk that he could not form the felonious intent, such drunkenness would be considered a defense in this case." (Emphasis supplied.)
We have said in Bowen v. State, 32 Ala. App. 357,26 So.2d 205, that assault with intent to murder is an assault with an intent to take life, under circumstances which if successful would constitute murder in either degree.
We also observed in Clack v. State, 29 Ala. App. 377,196 So. 286, that malice aforethought is an essential ingredient of murder in the first or second degree, but does not apply to the offense of manslaughter. Where there is an absence of malice, though the killing is not justified, it is not murder. Simpsonv. State, 31 Ala. App. 150, 13 So.2d 437.
Murder in the second degree is the unlawful killing of a human being with malice, but without deliberation or premeditation. Title 14, § 314, Recompiled Code 1958; Warren v.State, 34 Ala. App. 447, 41 So.2d 201. "Legal malice" as applied to *Page 890 
a homicide is an intent unlawfully to take the life of another without legal excuse, justification or mitigation. It is not necessarily ill will or hatred. Warren, supra; Miller v. State,38 Ala. App. 593, 90 So.2d 166.
We thus observe that "legal malice" is an ingredient of murder (in the second degree) and embraces an intent to take human life without legal excuse, justification or mitigation.
Since malice embraces an intent to take human life, we hold that the refused charge, 51, supra, was covered by the oral charge above quoted and was refused free of error. Title 7, § 273, Recomplied Code 1958.
This is true even though the oral charge referred to "felonious intent" without the addition of words "to take life."
The refused charge, supra, was not explanatory of the oral charge, but itself was confusing for that it failed to define "malice," leaving the jury to conjecture and to cast about as to the lawful definition of the word.
We find no error in the refusal of other written charges. They were either misleading, confusing, inapplicable to the evidence, or did not state correct principles of law.
 V
Appellant's next insistence is that the court erred in overruling defendant's objection to certain evidence.
During the progress of the trial, the victim testified that she was shot in the back. During the examination, she was asked if either of the bullets was removed. She answered, "No, sir." Then followed a belated objection, which was overruled.
The answer was error without injury for that failure to remove the bullet shed no light on the offense charged. The evidence was undisputed that defendant fired the bullets into her body. The issue was whether or not the act of shooting the victim constituted an offense embraced in the indictment. The mere failure to remove the bullets shed no light on the guilt or innocence of defendant. The advisability of removing the bullets vel non was a medical question.
We hold that the trial was free of error and that the judgment should be affirmed. It is so ordered.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.