TYSON, Presiding Judge.
The appellant was indicted for the first degree murder of one Eddie Givan, Sr., “by shooting him with a pistol.” The jury found the appellant guilty of murder in the second degree and fixed punishment at twenty-five years imprisonment.
*791 Frank James Givan stated that he lived in Wetumpka, Alabama, and that on March 31, 1973, he had been at a house located on Oak Street in Montgomery, Alabama. Also present within the house were his companions, Walter Clay, John Phillips, and Clifford Phillips. Each of these four, in essence, related that they had been playing a Rockola and drinking wine and beer on the evening in question inside the house. Each of these witnesses testified that the appellant, Robert Lewis Rudolph, came over to the table with a gun in his hand and told Frank Givan that “he was going to kill him.” He stated that he asked him to go outside, and after walking outside, he told him “he was going to blow his brains out,” and fired two or three shots into the ground near his foot. Frank Givan stated that about this time his father, Eddie Givan, called out, “Don’t shoot,” and was running across the street toward him. He stated that his father was unarmed, that he had nothing in his hands. He stated that as his father approached them, the appellant turned and fired a shot and struck his father, that his father fell to the ground near an automobile. He stated that the appellant then turned and ran away, but that his father was just a few inches (two or three) from him when the appellant shot him (R. p. 38). He stated that the police were notified, that they made an investigation, but that his father was dead upon arrival at the hospital. He identified a photograph of the scene, which depicted his testimony.
The above story was corroborated by the testimony of his companions of that evening, Walter Clay, John Phillips, and Clifford Phillips.
Walter Clay stated that he came out of the house in time to see the appellant “shoot my uncle (Eddie Givan, Sr.).” He stated that none of the Givans were armed, that they had nothing in their hands, and that all of them other than Givan, Sr., had been inside the premises having a few drinks when they were first accosted by the appellant.
Clifford Phillips stated that the first time he noticed the appellant was when he approached their table inside with a pistol and said that “he was going to blow their brains out.” He stated that later Frank Givan walked outside with the appellant, that he heard some shots and saw the appellant fire three times.
Dr. James L. Small testified he was a state toxicologist and performed a post mortem examination on the body of Eddie Givan, Sr. He testified that he removed a .38 caliber bullet from his body and “death in this case was attributable to shock, hemorrhage, and trauma with a gunshot wound to the body (R. p. 91).”
The appellant took the stand and testified that he was a resident of 502 Mobile Street, Montgomery, Alabama. He had gone to the house on Oak Street on the evening of March 31, 1973 about 10:30, and that alcoholic beverages, such as whiskey, wine and beer were being sold there. He stated that some people were having drinks and playing the “Rockola,” and that he saw Frank Givan and Clifford Phillips in the room. He stated that someone had come up behind him and said something “smart,” that they walked outside, that he slapped Frank Gi-van, and shot into the ground, and that Frank Givan said, “Don’t shoot me.” He stated that about this time, he heard someone running toward him, and as he was turning, someone “snatched the gun, and my finger was on the trigger and it went off.”
I
The appellant contends the State failed to prove a prima facie case of second degree murder.
In Holcey v. State, 52 Ala.App. 664, 296 So.2d 750, cert. denied 292 Ala. 723, 296 So.2d 753, we find the following discussion:
“Murder in the second degree is the unlawful killing of a human being with malice, but without deliberation or premeditation. Smith v. State, 47 Ala.App. 513, 257 So.2d 372; Young v. State, 47 Ala.App. 674, 260 So.2d 406; Miller v. State, 38 Ala.App. 593, 90 So.2d 166; Warren v. State, 34 Ala.App. 447, 41 So.2d 201.
*792 “In Miller, supra, we find:
“ ‘ “Legal Malice” as an ingredient of murder is an intent to take human life without legal excuse, justification or mitigation, and it may be presumed from the use of a deadly weapon, unless the evidence which proves the killing rebuts the presumption. Coates v. State, 1 Ala.App. 35, 56 So. 6; Warren v. State, supra.’ “Here, the appellant’s use of the pistol presented sufficient evidence from which the Jury could infer that he acted with malice.
“The conflict in the evidence presented a question for the Jury to determine, and the evidence was sufficient, if believed by the Jury, under the required rule to support the verdict. Miller v. State, 38 Ala.App. 593, 90 So.2d 166; Rogers v. State, 49 Ala.App. 78, 268 So.2d 859; Carmichael v. State, 52 Ala.App. 25, 288 So.2d 807; Williams v. State, 51 Ala.App. 694, 288 So.2d 753.”
II
The appellant next asserts that the trial court failed to charge the jury on self-defense.
We have carefully examined the oral charge in this ease and find that after an extensive charge, the appellant’s attorney requested that the jury be charged on murder in the second degree. This was done (R. pp. 159-160). The appellant then announced, “For the record, defendant is satisfied with the charge.” Inasmuch as the evidence does not justify a charge on self-defense, and further, the appellant’s counsel had announced, “Satisfied,” and did not ask for any clarifying instructions, we are of the opinion that nothing further is presented for review. Cox v. State, 280 Ala. 318, 193 So.2d 759; Massey v. State, 49 Ala.App. 341, 272 So.2d 267, cert. denied 289 Ala. 747, 272 So.2d 270, and authorities therein cited.
III
Appellant asserts that the trial court improperly permitted the appellant to be asked whether or not he had previously been convicted on a felony (R. p. 153). To this, the appellant replied, “I been felony twice. First time was forgery.”
We note here there was no objection or motion' which invoked a further ruling by the trial court, hence, this question is not properly before us for review. Moreover, such examination was clearly proper. Moore v. State, 12 Ala.App. 243, 67 So.2d 789, and authorities therein cited.
Credit is here given for the excellent quality of the briefs for both the appellant, through counsel appointed to represent him, and by the Assistant Attorney General representing the State. We commend them for their efforts.
After careful examination of this record, as required by Title 15, Section 389, Code of Alabama 1940, we find same to be free from error. The judgment is therefore
AFFIRMED.
All the Judges, concur.