On August 14, 1979, Henry Booth, a Mobile police officer, was killed while attempting to arrest the petitioner, Ervin Edwards. Edwards was indicted by the Mobile County Grand Jury for the capital murder of a police officer and found guilty under Code 1975, § 13-11-2 (a)(5). The jury recommended the death penalty and the trial court sentenced Edwards to death.
On the day of the killing, Officer Booth was attempting to locate Edwards, who was wanted on an outstanding warrant of arrest for misdemeanor assault with a gun. Booth did not have the arrest warrant in his possession. At approximately 7:45 p.m., Officer Booth stopped a car in which Edwards was riding.
Edwards got out of the car after it was stopped. Officer Booth told Edwards to come to him and that he had a warrant for Edwards's arrest. Edwards asked to see the warrant, but Booth did not produce it; Edwards refused to come to Booth. As Booth approached Edwards, Edwards opened his jacket to show Booth he was unarmed.
Booth attempted to force Edwards into his patrol car. Edwards refused to get into the car and a scuffle broke out between them. There was evidence to show that Booth hit Edwards with a flashlight during the struggle. The two then began to fight over control of Officer Booth's service revolver, which Booth was attempting to remove from its holster. Booth and Edwards fell on the ground and continued to fight over the gun. During the scuffle, the gun discharged and Booth was killed.
Edwards was found guilty of capital murder under Code 1975, § 13-11-2 (a)(5). That section provides for the death penalty for the following offense:
 "(5) The murder of any police officer, sheriff, deputy, state trooper or peace officer of any kind, or prison or jail guard while such prison or jail guard is on duty or because of some official or job-related act or performance of such officer or guard."
Under this Code section the state must prove more than a killing of a police officer while on duty. It must also prove that the killing was murder.
The killing took place in 1979, before the effective date of the new Criminal Code. Thus, in defining the elements of the crime necessary to prove a prima facie case of murder, we must consider Code 1975, § 13-1-70 (formerly Code 1940, Tit. 14, § 314), which provides:
 "Every homicide perpetrated by poison, lying in wait or any other kind of wilful, deliberate, malicious and premeditated killing; or committed in the perpetration of, or the attempt to perpetrate, any arson, rape, robbery or burglary, or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed; or perpetrated by any act greatly dangerous to the lives of others and evidencing a depraved mind regardless of human life, although without any preconceived purpose to deprive any particular person of life, is murder in the first degree; and every other homicide committed under such circumstances as would have constituted murder at common law is murder in the second degree."
The indictment indicates that the prosecution intended to use second degree murder as the basis for the capital murder charge.
We note at the outset that the attempted arrest of petitioner by Officer Booth was an illegal arrest. A warrantless arrest may be made under any of the following circumstances: *Page 505 
 "An officer may arrest any person without a warrant, on any day and at any time, for:
 "(1) Any public offense committed or a breach of the peace threatened in his presence;
 "(2) When a felony has been committed, though not in his presence, by the person arrested;
 "(3) When a felony has been committed and he has reasonable cause to believe that the person arrested committed it;
 "(4) When he has reasonable cause to believe that the person arrested has committed a felony, although it may afterwards appear that a felony had not in fact been committed; or
 "(5) On a charge made, upon reasonable cause that the person arrested had committed a felony.
Code 1975, § 15-10-3. None of these provisions covers the circumstances in the case before us. Booth was attempting to arrest Edwards for a misdemeanor that was not committed in his presence. There was considerable evidence that Edwards asked Booth to show him the warrant. The Alabama statutes require that the defendant be shown the warrant when he asks to see it:
 "An officer may execute a warrant of arrest on any day and at any time; but in doing so, he must inform the defendant of his authority and, if required, must show the warrant. If an officer executing an arrest warrant is refused admittance after notice of his authority and purpose, he may break an outer or inner door or window of a dwelling house in order to make the arrest."
Code 1975, § 15-10-2. Thus, Officer Booth's attempted arrest of Edwards was illegal under these circumstances.
Alabama law is clear that, to a limited degree, a party is justified in attempting to resist an unlawful arrest.
 "The citizen may resist an attempt to arrest him which is simply illegal, to a limited extent, not involving any serious injury to the officer. He is not authorized to slay the officer, except in self-defense; that is, when the force used against him is felonious, as distinguished from forcible. It is better to submit to an unlawful arrest, though made with force, but not with such force as to endanger the life or limb, than to slay the officer."
Adams v. State, 175 Ala. 8, 12, 57 So. 591, 592 (1912). Clearly, the actions of Edwards went beyond the lawful bounds of resistance to an illegal arrest.
We agree with the Court of Criminal Appeals that the legality or illegality of the attempted arrest is not determinative of this case. We also agree that "[i]t is not an element of the capital crime that the officer be effectuating a legal arrest."Edwards v. State, 452 So.2d 487 (Ala.Cr.App. 1982). Nonetheless, we are convinced that the circumstances surrounding this killing, including the attempted illegal arrest, are crucial to the outcome of this case.
Edwards argues that the trial court erred in denying his motion to exclude the state's evidence for failure to prove a prima facie case of capital murder. Under the circumstances presented here, we agree.
An essential element of the prima facie case for second degree murder is malice aforethought. This rather elusive concept is central to this case.
Our courts have defined malice aforethought on a number of different occasions. In Harris v. State, the Court of Criminal Appeals stated:
 "`Legal Malice' as an ingredient of murder is an intent to take human life without legal excuse, justification or mitigation, and it may be presumed from the use of a deadly weapon, unless the evidence which proves the killing rebuts the presumption. Coates v. State, 1 Ala. App. 35, 56 So. 6; Warren v. State, [34 Ala. App. 447, 41 So.2d 201 (1949)], supra."
Harris v. State, 56 Ala. App. 301, 306, 321 So.2d 267, 272
(Ala.Cr.App. 1975). *Page 506 
The state apparently relied upon the presumption which arises from the use of a deadly weapon to prove malice aforethought. Reviewing the entire record, we can find no other evidence of this element of the offense.
We are convinced, however, that the facts presented at trial effectively rebut the presumption of malice that arises from the use of a deadly weapon. First, this was not the defendant's gun, and, in fact, the gun only came into the incident when the officer attempted to draw the gun on the defendant. This is significantly different from a situation where a party brings a weapon to the scene of a crime, where malice is more readily inferable. Secondly, the parties were struggling over control of the weapon, rather than the defendant being in exclusive control of it. Finally, the defendant was attempting to resist an unlawful arrest. We are convinced that these facts, taken together, rebut the presumption of malice described in Harris, supra.
Our examination of the record reveals that no other evidence was presented on this element of the prima facie case. Therefore, there was insufficient evidence of second degree murder to sustain the conviction. Further, we are of the opinion that the state offered sufficient evidence on the lesser included offense of first degree manslaughter, which requires only a voluntary killing rather than a killing with malice aforethought. The statutory element of voluntariness is satisfied where defendant does "an act greatly dangerous to the lives of others, whereby death ensues." Rainey v. State,245 Ala. 458, 461, 17 So.2d 687, 689 (1944). Nonetheless, because the state failed to produce sufficient evidence of malice, we are required to reverse and remand.
REVERSED AND REMANDED.
All the Justices concur.